703 So.2d 152 (1997)
Norman MANEY, Jr.
v.
Patricia J. BENNETT, State Farm Mutual Automobile Insurance Company and Chicago Insurance Company.
No. 97-CA-0840.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 1997.
Kris P. Kiefer, Nat G. Kiefer, Jr., Metairie, for Appellant.
James E. Brouillette, Ward, Nelson & Pelleteri, LLC, New Orleans, for Appellee.
Before PLOTKIN, JONES and CIACCIO, JJ.
JONES, Judge.
Plaintiff/appellant Mr. Norman Maney, Jr. appeals the lower court's judgment granting summary judgment to Chicago Insurance Company (Chicago), Mr. Maney's uninsured motorist carrier.

*153 STATEMENT OF FACTS

Mr. Maney was involved in an automobile accident with the alleged tortfeasor, Ms. Patricia J. Bennett, on April 18, 1996, at the intersection of Jefferson Avenue and Prytania Street in New Orleans. The accident occurred when Ms. Bennett was proceeding east bound on Prytania Street and failed to stop at the stop sign governing the said intersection, thereby striking Mr. Maney's vehicle and causing his injuries and damages. At the time of the incident, Ms. Bennett was insured by a liability policy issued by State Farm Mutual Automobile Insurance Company (State Farm) which provided for bodily injury limits of $25,000 per person and $50,000 per accident. Chicago was the uninsured motorist carrier for Mr. Maney.
Plaintiff filed a Petition for Damages against Ms. Bennett, State Farm and Chicago on October 18, 1996, alleging that Ms. Bennett was negligent in the operation of her vehicle. Chicago answered the petition and then filed a Motion for Summary Judgment on December 6, 1996, alleging that Mr. Maney rejected the uninsured motorist coverage under his policy with Chicago. Mr. Maney, in response to the Motion for Summary Judgment, filed a Cross Motion for Summary Judgment against Chicago on January 16, 1997, stating that the uninsured motorist (UM) rejection form was illegal and invalid because it did not contain the effective date of the rejection, the particular policy to which it referred nor the name of the insurance company. Mr. Maney further argued that the missing information was necessary to execute a valid rejection form under LSA-R.S. 22:1406(D)(1)(a).
On January 28, 1997, the trial court admitted into evidence an affidavit from Mr. Taeil Chun, an insurance agent with Plus Insurance Agency, which stated that Mr. Chun assisted Mr. Maney in obtaining a liability policy with Chicago bearing the policy number PA12013992, and effective dates from November 22, 1995, to May 22, 1996. The affidavit went on to state that Mr. Maney was offered uninsured motorist coverage equal to or lower than his bodily injury liability limit and uninsured motorist property damage coverage, but such coverage was rejected by Mr. Maney altogether. Mr. Maney objected to the entry of the affidavit stating that the use of the affidavit to "enlarge, alter or vary the terms of the rejection form" was in violation of LSA-C.C. art. 1848.
The trial court ruled in favor of Chicago stating in its reasons for judgment that "[u]nder Tijerina v. Stawecki, 670 So.2d 792 (La.App. 3 Cir.1996), parole evidence may be introduced to prove when a[UM] rejection was signed and to which policy it applied." Mr. Maney filed a Motion for Devolutive Appeal on February 18, 1997, stating that the lower court erred in granting Chicago's motion for summary judgment.

ASSIGNMENTS OF ERROR 1 and 2
In his first two assignments of error, Mr. Maney argues that the trial court erred in admitting parol evidence to establish when the UM rejection form was signed, the name of the insurer and the effective date of the rejection. He also contends that the UM rejection form was invalid under La. R.S. 22:1406(D)(1)(a)(i), and the use of extrinsic evidence to supplement the waiver violated the holding in Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987). We disagree.
Louisiana Civil Code article 1848 states:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement. (Emphasis added).
In the case sub judice, Mr. Maney contends that the UM rejection form did not contain three very critical pieces of information which are necessary to execute a valid UM rejection of uninsured motorist coverage in Louisiana: the effective date of the waiver of UM coverage, the particular insurance company in whose favor the rejection form was executed, and the specific insurance policy it pertained to. Such information, he argued, is vital when constructing a valid rejection to UM coverage in the State of *154 Louisiana as mandated by LSA-R.S. 22:1406(D)(1)(a).
The Louisiana UM statute, contained in R.S. 22:1406(D)(1)(a)(i), provides the following:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subsection unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits. In no event shall the policy limits of an uninsured motorist policy be less than the minimum liability limits required under R.S. 32:900. Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates. The coverage provided under this Subsection may exclude coverage for punitive or exemplary damages by the terms of the policy or contract. (Emphasis added).
* * * * * *
1406(D)(a)(ii):
After September 1, 1987, such rejection or selection of lower limits shall be made only on a form designed by each insurer. The form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto.
The statute does not state how the rejection of UM coverage should be written or what information should be included therein, therefore we must look to the jurisprudence to determine the substance of a valid UM rejection and whether parol evidence was warranted to supplement the waiver.
Accordingly, to effect a valid rejection of the UM coverage under La. R.S. 22:1406(D)(1)(a), the insured or his authorized representative must expressly set forth in a single document that UM coverage is rejected in the State of Louisiana as of a specific date in a particular policy issued or to be issued by the insurer. A writing regardless of the intention of the insured, of a less precise nature is insufficient to effect a valid rejection. (Emphasis added) Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987).
In the case sub judice, we must determine whether a signed rejection of UM coverage with a reference to the policy, but void of the insurance company or the effective date of the rejection can constitute a valid waiver of such coverage. However, this waiver meets the statutory requirements in the Insurance Code for a valid rejection of UM coverage. The substance of this waiver was uncontroverted by Mr. Maney in the lower court. The signature of Mr. Maney was undisputed and the rejection form specifically referred to coverage in the State of Louisiana.
Chicago listed "Application" in the category where the policy number was to be placed and it made no reference to the insurer or the effective date of the rejection. LSA-R.S. 22:628 requires the rejection of UM coverage make reference to the policy to which the form applies.
Any written agreement in conflict with, modifying or extending the coverage of any contract of insurance shall be deemed to be physically made a part of a policy or other written evidence of insurance, within *155 the meaning of this section, whenever such written agreement makes reference to such policy or evidence of insurance and is sent to the holder of such policy.....(Emphasis added). See LSA-R.S. 22:628
When a form is to be attached to an insurance contract and it fails to refer to the particular policy it was executed for, then it makes that form ineffective as it relates to the coverage of the insured. Hence, if the waiver is invalid then UM coverage becomes automatic. Degruise v. Houma Courier Newspaper Corp., 94-2386 (La.App. 1 Cir. 6/23/95), 657 So.2d 580, 586.
Without any evidence to show the existence of another automobile insurance policy in this state with Chicago or any other insurer, the lower court concluded the "generic" rejection of UM coverage applied only to Chicago's policy which Mr. Maney validly rejected by his signature. Placing the word "application" in the category where the policy number should have been was a sufficient reference to the policy since the rejection was contemporaneous with Mr. Maney's signing of his initial application for automobile insurance with Chicago.
The absence of the signature date, the policy number and the name of the insurer, though relevant, did not preclude the lower court from admitting extrinsic evidence to determine whether the policy along with the signed waiver was in effect at the time of the incident. Alford v. Woods, 614 So.2d 1299, 1302 (La.App. 3 Cir.1993) citing Rockhold v. Dept. of Transportation & Development, 528 So.2d 749 (La.App. 4 Cir.1988).
While it is true that the Supreme Court mentioned that the rejection should refer to a particular policy issued or to be issued, this requirement is not fatal to the rejection in this case. The fact that the rejection form fails to list a policy number, does not invalidate the rejection. The rejection form clearly rejects uninsured motorist coverage insofar as coverage applies in Louisiana and necessarily refers to the one particular policy which, absent a valid rejection, would provide such coverage in Louisiana. Inclusion of the policy number on the rejection form was not necessary. Schwoch v. Sutor, 559 So.2d 552, 554 (La.App. 2 Cir.1990). (Emphasis added).
Therefore, we conclude that the trial court did not commit reversible error when it allowed parol evidence to be admitted to establish whether the policy was in effect at the time of the incident. Furthermore, we find that the rejection was not invalid because the information in the form was sufficient evidence of Mr. Maney's valid waiver of [UM] coverage.

ASSIGNMENT OF ERROR NO.3
In his next assignment of error, Mr. Maney argues that the lower court erred when it granted summary judgment to Chicago, thereby dismissing his uninsured motorist claim. He also assigns as error the lower court's failure to grant his cross motion for summary judgment. Again, we disagree.
This Court has previously discussed the new amendment to LSA-C.C.P. art. 966 in Daniel v. Blaine Kern Artists, Inc., 96-1348 (La.App. 4 Cir. 9/11/96) 681 So.2d 19, and Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96) 684 So.2d 488. Though the absence of material facts is still the rule when reviewing a motion for summary judgment, the amendment does change how the courts review a motion for summary judgment by requiring that the rules be liberally construed in favor of granting such motion.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those allowed by Article 969. The procedure is favored and shall be construed to accomplish these ends. (Emphasis added) LSA-C.C.P. 966(A)(2).
In Daniel and Oakley, this Court discussed its interpretation of the amendment to this article.
Appellate courts review summary judgment de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether mover is entitled to judgment as a matter of law. In determining whether an *156 issue is genuine courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.
Procedurally, the court's first task on a motion for summary judgment is determining whether the moving party's supporting documentspleadings, depositions, answers to interrogatories, admissions and affidavitsare sufficient to resolve all material factual issues. LSA-C.C.P. art 966(B), Oakley, 684 So.2d at 489, 490, citing Daniel, 681 So.2d at 20.
The appellee argues there are no material issues of fact necessary for the lower court to have a trial on the merits. He argues the UM rejection form was valid because Mr. Maney's signature was properly placed on the rejection form. Secondly, this waiver gave Mr. Maney an opportunity to make a meaningful selection of several options as mandated by La. R.S. 22:1406(D)(1)(a)(i). Such options included: (1) UM coverage equal to bodily injury limits in the policy; (2) UM coverage lower than the bodily injury limits in the policy; or (3) no UM coverage. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 198 (La.1992).
We agree with the premise that the form was unambiguous in showing Mr. Maney's intent to reject UM coverage and that other options were presented to him besides rejecting UM coverage totally. We also find that the form, though generic, was valid because Chicago did show in writing that the form was executed in reference to the one automobile insurance contract Mr. Maney had in the State of Louisiana with its company. Mr. Maney failed to offer any evidence to support a finding of vice of consent, duress or fraud when he signed the waiver and without any opposition, the summary judgment was proper.
[T]he burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. At that point, the party opposing the motion must make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial. (Emphasis added) Oakley, 684 So.2d at 490.
Allowing Mr. Chun's affidavit to be admitted into evidence proved that there were no material facts to support a trial on the merits since UM coverage was rejected by the insured. It was incumbent upon Mr. Maney to show to the lower court that this waiver was in some way deficient by either consent, form or substance. He failed to offer any opposing evidence. Thus, the lower court ruled in favor of Chicago who met its burden by presenting a prima facie case of no UM coverage for Mr. Maney.
LSA-C.C.P. art. 966(G) declares that "notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover." The effect of the amendment, however, is that the non-moving party is no longer allowed to rely on the allegations of its pleadings in opposition to a properly-supported motion for summary judgment. Id. (Emphasis added)
Therefore, we conclude the granting of summary judgment by the trial court in favor of Chicago was proper because Mr. Maney failed to offer evidence or a countervailing affidavit to rebut the affidavit submitted by Chicago in its motion for summary judgment. The affidavit from Mr. Chun, together with the waiver signed by Mr. Maney presented no material facts necessary for a trial on the merits. Mr. Maney's allegations in his cross motion against summary judgment were without merit. Appellant clearly rejected UM coverage in this state and Mr. Chun's affidavit only substantiated that fact.
In his last assignment of error, Mr. Maney argues that the lower court's judgment granting Chicago summary judgment should be vacated and set aside and that the trial court's denial of Mr. Maney's cross motion for summary judgment was in error.
The burden was placed on Chicago to prove by the use of physical evidence that the UM coverage for Mr. Maney was validly rejected. Chicago clearly met its burden without any evidence by the appellant to dispute it. "Any exclusion from coverage in an insurance policy must be clear and unmistakable". (Emphasis added). Tugwell, 609 *157 So.2d at 197. With the waiver being in writing and his signature authenticating it, it is clear and unmistakable that summary judgment was warranted on behalf of Chicago and appellant's cross motion as well as his assignment of error are without merit.

DECREE
For the foregoing reasons, we find that the UM rejection form written by Chicago Insurance Company was a valid waiver of uninsured motorist coverage in the State of Louisiana; the use of parole evidence to determine the date the policy became effective was proper and we affirm the summary judgment granted to Chicago by the trial court and the denial of the appellant's cross motion.
AFFIRMED.