857 So.2d 1122 (2003)
Sonja BARNEY
v.
PROGRESSIVE SECURITY INSURANCE COMPANY.
No. 2003-CA-0435.
Court of Appeal of Louisiana, Fourth Circuit.
September 24, 2003.
Ivan A. Orihuela, Irvin & Orihuela, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
Fortune' A. Dugan, Jr., Morse, McGinty, Bordelon & Casier, Metairie, LA, for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge DAVID S. GORBATY).
MURRAY, Judge.
Plaintiff, Sonja Barney, appeals the district court's granting of summary judgment in favor of defendant, Progressive Security Insurance Company ["Progressive"]. For the reasons that follow, we affirm.
On October 9, 1999, Sonja Barney, who was driving a vehicle owned by David and Jean Barney, was rear-ended by Lola Holland. Sonja Barney was pregnant at the time of the accident, and subsequently delivered a baby girl prematurely (at 24 weeks gestation) who later died. After settling her claim against Lola Holland, Sonja Barney filed suit against Progressive, the insurer of the vehicle owned by David and Jean Barney, alleging that Lola Holland was uninsured/ underinsured. Progressive answered the suit with a general denial and then moved for summary judgment on the grounds that Jean Barney had rejected uninsured ["UM'] coverage.
On November 22, 2002, the trial court granted summary judgment and dismissed the plaintiff's case against Progressive with prejudice, finding that there was no uninsured/underinsured coverage in effect on the date of the accident. From that judgment the plaintiff now appeals, asserting a single assignment of error: that the rejection of UM coverage by Jean Barney was not effective because the form she signed did not include the policy number.
Appellate courts review the grant or denial of a motion for summary judgment *1123 de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by La. C.C.P. art. 969. La. C.C.P. art. 966(A)(2). Summary judgments are favored, and the summary judgment procedure shall be construed to accomplish those ends. Id.
The Louisiana UM statute, contained in pertinent part in R.S. 22:1406(D)(1)(a)(i), requires that every automobile insurance policy covering vehicle(s) registered in Louisiana must include uninsured / underinsured coverage in an amount that is not less than the limits of bodily injury liability provided by the policy, except when "any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item D(1)(a)(ii) of this Subsection." That portion provides, in pertinent part:
D(1)(a)(ii) After September 1, 1987, such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage.
In Maney v. Bennett, 97-0840 (La.App. 4 Cir. 11/19/97), 703 So.2d 152, this court applied the above-quoted statute in a case where the insurer alleged that the plaintiff had rejected the uninsured motorist coverage under his policy and moved for summary judgment on that basis. The plaintiff responded to the motion for summary judgment, and filed a cross motion for summary judgment against the insurer, stating that the UM rejection form was illegal and invalid because it did not contain the effective date of the rejection, the particular policy to which it referred nor the name of the insurance company. The plaintiff further argued that the missing information was necessary to execute a valid rejection form under LSA-R.S. 22:1406(D)(1)(a). The trial court granted the insurer's motions for summary judgment, and this court affirmed. This court relied upon prior jurisprudence, noting that the statute itself does not state what information must be included in a valid rejection of UM coverage. Id. at p. 4, 703 So.2d at 154. Ultimately, the Maney court *1124 found that the insurer's having placed the word "Application" in the space where the policy number should have been did not invalidate the waiver and that parole evidence was admissible to cure the absence of the effective date, the policy number and the name of the insurer. See Alford v. Woods, 614 So.2d 1299, 1302 (La.App. 3rd Cir.1993). With regard to the policy number, the Maney court quoted the following language from Schwoch v. Sutor:
While it is true that the Supreme Court mentioned that the rejection should refer to a particular policy issued or to be issued, this requirement is not fatal to the rejection in this case. The fact that the rejection form fails to list a policy number, does not invalidate the rejection. The rejection form clearly rejects uninsured motorist coverage insofar as coverage applies in Louisiana and necessarily refers to the one particular policy which, absent a valid rejection, would provide such coverage in Louisiana. Inclusion of the policy number on the rejection form was not necessary. Schwoch v. Sutor, 559 So.2d 552, 554 (La.App. 2 Cir.1990). (Emphasis added).
Maney, supra, at p. 6, 703 So.2d at 155.
Other circuit courts of this state have agreed that the lack of a policy number on a UM rejection form does not invalidate rejection of UM coverage. Melton v. Miley, 98-1437 (La.App. 1 Cir. 9/24/99), 754 So.2d 1088, writ denied, 99-3089 (La.1/7/00), 752 So.2d 867; Franklin v. Coleman, 34,908 (La.App. 2 Cir. 8/22/01), 793 So.2d 467.[1]
We adhere to our opinion in Maney and find it indistinguishable. The declarations page for the policy in question clearly states "Uninsured/ underinsured motorist-rejected" and states effective dates of May 21, 1999 to May 21, 2000. The policy contains five choices concerning underinsured/ uninsured motorist bodily injury coverage. Jean Barney initialed the fifth choice; "I do not want UMBI coverage. I understand that I will not be compensated through UMBI coverage for losses arising from an accident caused by an uninsured/ underinsured motorist." She signed the form the same day that the policy became effective. None of the parties controverts the fact that it is Jean Barney's signature which appears on the form.
The language of the UM waiver form is valid under Louisiana law.[2] Only one policy was issued to Barney; no party has alleged to the contrary. The UM rejection form was a part of the policy. It was *1125 signed and dated by Jean Barney on the same day it became effective. As stated above, the declarations page contains the policy number and states UM coverage was rejected. We therefore conclude that Jean Barney validly rejected UM coverage.
Without assigning it as error, the plaintiff also contends that Progressive could not raise its UM rejection argument in a motion for summary judgment because it had not asserted in its answer that UM coverage had been rejected. The plaintiff cites no jurisprudence to support this position. We reject this argument because Progressive clearly filed a general denial to the plaintiff's petition, which stated that the policy was the best evidence of its terms and conditions.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED
NOTES
[1] But see: Spera v. Lyndon Property Ins. Co., 00-1373 (La.App. 3 Cir. 3/7/01), 788 So.2d 56, writ denied, 01-0874 (La.6/1/01), 793 So.2d 193, wherein the Third Circuit expressly declined to follow the other circuits, stating: "[W]e interpret `properly completed' to mean that every relevant blank on the form must be addressed ..." 788 So.2d at 60. It is interesting to note that the Louisiana Supreme Court denied writs in both Spera and in Melton v. Miley, supra, which reach opposite conclusions.
[2] The following language appears on the form: "Uninsured/ Undersinsured motorist bodily injury coverage, referred to as `UMBI' in this form, is insurance which pays persons insured by your policy, who are injured in an accident caused by an owner or operator of an uninsured or underinsured motorist vehicle.

By law, your policy will include UMBI Coverage at the same limits as your Bodily Injury Liability Coverage unless you request otherwise. If you wish to reject UMBI coverage, select lower limits of UMBI coverage, or select Economic Only UMBI coverage, you must complete this form and return it to your insurance agent or insurance company. (Economic Only UMBI coverage may not be available form[)] your insurance company. In this case, your company will have marked options 3 and 4 below as `not available'."