KLIEBERT, Judge.
Defendant Home Indemnity Company appeals a partial summary judgment which decreed the uninsured motorists coverage limits under a policy of insurance it issued to Nolan J. Briley to be the same as the liability bodily injury coverage, i.e., $300,-000.00. The judgment was based on the trial court’s conclusion that a form designed by the insurer for the insured to make a selection in writing, as required by LSA-R.S. 22:1406, to reject or reduce the uninsured or underinsured coverage did not effectively do so even though signed by the insured because he failed to check off the square rejecting the coverage or the square selecting lower limits. Under our Docket Number 87-C-288, in April 1987 we denied a writ application by Home Indemnity because we considered the trial court’s conclusion to be correct. For the reasons hereafter stated we dismiss the appeal and remand the case for further proceedings.
Patricia O’Neill LeCourt was injured while a passenger in a vehicle owned by Nolan J. Briley when the Briley vehicle was struck by a vehicle operated by Jessie Gala-tas. LeCourt and her husband sued Gala-tas; her liability insurance carrier, Liberty Mutual Insurance Company; the Briley’s liability and uninsured motorists carrier, Home Indemnity Company, and their own underinsured motorists carrier, Lumbermen’s Mutual Casualty Company. The bodily injury limits of the Briley’s liability policy were $300,000.00. A dispute arose as to the limits of the Briley’s uninsured motorists coverage. Home Indemnity contended the limits were $20,000.00 and tendered that amount to plaintiff, who refused the tender and moved for a partial summary judgment on the issue of uninsured mo-torits limits under the Home Indemnity policy.
Home Indemnity submitted the following form as evidence the insured had selected limits lower than the $300,000.00 bodily injury limits:
*667 [[Image here]]
Additionally, it submitted an affidavit by Briley that the form reflected his intent to select $20,000.00 single limit uninsured motorists coverage.
The trial court, relying on Fishman v. Howard, 447 So.2d 513 (4th Cir.1984), concluded that the absence of a check or an “x” on any of the two main subdivisions on the form precluded a finding that the lower limits had been selected, and, therefore, uninsured motorists coverage limits were $300,000.00.
Home Indemnity sought supervisory writs on the substantive issue as to the amount of coverage. In denying the writs this court said:
“WRIT DENIED. Under the provisions of Act 154 of 1974 (now R.S. 22:1406) the issuance [insurer] of an automobile liability insurance policy must provide uninsured or underinsured motorist coverage in [an amount] not less than the limits of bodily injury coverage unless the insured named in the policy shall reject in writing the coverage or selects lower limits. Although the insured here signed a form entitled “Optional Limits or Rejection Form” which was designed for the insured to either reject the coverage or to select lower limits, the insured did neither. The belated statement of his intention is not now material.”[1] (Footnote added)
Home Indemnity now prosecutes this appeal from the summary judgment, raising for the first time arguments regarding the procedural authority for a partial summary judgment on the coverage issue and reurg-ing arguments on the merits of the coverage issue. LeCourt contends we cannot consider these arguments because we ruled on the motion for summary judgment when denying the writ application and said ruling now constitutes the “law of the case.”
As explained by the Louisiana Supreme Court in Day v. Campbell-Grosjean Roofing & Sh. Metal Corp., 260 La. 325, 256 So.2d 105, 107 (1971):
*668 “With regard to an appellate court, the ‘law of the case’ refers to a policy by which the court will not, on a subsequent appeal, reconsider prior rulings in the same case.1 This policy applies only against those who were parties to the case when the former appellate decision was rendered and who thus had their day in court.2 Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both parties, of affording a single opportunity for the argument and decision of matter at issue.” (Footnotes omitted)
See also Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984).
The substantive issue, i.e., the extent of the uninsured motorists coverage has become the “law of the case” as defined above in the Day case, supra. For that reason alone, we dismiss the appeal and remand the case for further proceedings.
Additionally, although we do not rely on it in dismissing the appeal, we note the procedural correctness of the use of a motion for partial summary judgment to raise the substantive issue was urged in this court for the first time on this appeal. Generally, unless the issue has been first raised in the trial court we are reluctant to consider it, particularly where, as here, the failure to raise the issue in the trial court may result in its waiver. See New Orleans Firefighters v. City Civil Service, 459 So.2d 1204 (4th Cir.1984), writ denied 463 So.2d 1319, 1322. Moreover, although not raised by the appellees or by this court sua sponte, under the rationale of Med-Trans, Inc. v. Rockwood Ins. Co., Inc., 509 So.2d 602 (3rd Cir.1987), there is a serious doubt as to our subject matter jurisdiction to hear the appeal.
Accordingly, we dismiss the appeal and remand the case to the trial court for further proceedings. Costs of the appeal are to be borne by the appellant.
APPEAL DISMISSED; CASE REMANDED.

. Gaudin, J., would have granted the writ, being of the opinion the record showed the insured knowingly and legally chose uninsured motorists coverage of a lesser amount.