553 So.2d 1078 (1989)
Catherine GUILBEAU, et al., Plaintiff-Appellant,
v.
Catherine A. GABRIEL, et al., Defendant-Appellee.
No. 88-882.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1989.
Writ Denied February 23, 1990.
Nanette H. Cagney and James K. Piccione, Lafayette, for plaintiff-appellant.
Juneau, Judice, Kathleen F. Drew, Lafayette, for defendant-appellee, City of Opelousas.
Franlin Moore & Walsh, Thomas J. Bergman, Baton Rouge, for defendant-appellee, School Bd.
Sandoz, Sandoz & Schiff, Leslie J. Schiff, Opelousas, for defendant-appellee, Safeway Ins.
McBride, Fore, James R. Leonard, Lafayette, for defendant-appellee, Slemco.
*1079 Before GUIDRY and KNOLL, JJ., and ROBERTS[*], J. Pro Tem.
CHARLES WM. ROBERTS, Judge Pro Tem.
Plaintiff, Catherine Guilbeau, appeals the granting of a summary judgment in favor of defendant, Safeway Insurance Company (Safeway). Mrs. Guilbeau filed suit for the wrongful death of her 7-year-old daughter, Hope Guilbeau. Hope was struck and killed by an allegedly uninsured vehicle operated by Catherine Gabriel on December 17, 1985. At the time of the accident, plaintiff had in full force and effect a policy of liability insurance issued to her by Safeway. Safeway denied liability for plaintiff's damages based upon a rejection of uninsured motorist (UM) coverage signed by plaintiff at the time that she applied for insurance on August 12, 1985. Safeway filed a motion for summary judgment and plaintiff filed an affidavit in opposition. The trial court granted Safeway's motion for summary judgment. The record contains no transcript of the hearing on the motion and we do not have the benefit of oral or written reasons for the judgment of the trial court.
SUMMARY JUDGMENT
Summary judgment is appropriate if after consideration of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, the trial court determines that the mover has shown that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966B.
In this case, Safeway filed a copy of the plaintiff's signed application for insurance, a copy of the policy and an affidavit by Kay Gajan, a Safeway underwriter, stating that insurance coverage was issued based upon the information contained in the application from plaintiff. Plaintiff filed an affidavit in opposition to Safeway's motion for summary judgment stating that she did not recall being offered UM coverage or being informed of her options to select UM coverage equal to or less than her limits of bodily injury liability. Plaintiff avers that she did sign the application, but that she did so at the direction of the insurance agent.
The application in question provides the categories of coverage with blank spaces beside them to be filled in with the requested amounts of coverage. Plaintiff's application has 10,000/20,000/10,000 filled in beside the categories of bodily injury liability and property damage liability. The blanks beside UM coverage are unfilled. The remainder of the application contains general information about the insured, her vehicle and her driving history. The last three items on the application provide as follows:

The plaintiff does not deny her signature, only the effectiveness of it. Plaintiff argues in brief that the rejection is invalid on its face because it does not present the insured with all of the available options which are required under LSA-R.S. 22:1406 *1080 D(1)(a). Plaintiff argues that, as a result, she was not fully informed of her options under the law. Alternatively, plaintiff argues that the rejection applies only to owned insured vehicles and does not apply to non-owned vehicles or pedestrians, therefore there should be coverage in this case since decedent was a pedestrian.
As concerns plaintiff's second contention, the rejection clause clearly provides that no UM coverage will be afforded to any person, vehicles presently insured under the policy or any vehicles which may in the future be covered by the policy. Contrary to plaintiff's contention, LSA-R.S. 22:1406 D(1) does not require coverage for non-owned vehicles, only that if an insured has UM coverage available that such coverage be available if he is injured while occupying a non-owned vehicle and only as excess if the non-owned vehicle has UM coverage applicable to it. LSA-R.S. 22:1406 D(1)(c)(i), (ii), (aa) and (bb). If plaintiff had UM coverage, then it would provide coverage if she or another insured under the policy were injured while occupying a non-owned vehicle or if they were injured as a pedestrian and no other UM coverage were available or their damages exceeded such primary UM coverage. This argument lacks merit.
The plaintiff urges that the rejection is nevertheless invalid because the form fails to explain to the insured her options of UM coverage in the same limits as liability coverage, lower limits than liability coverage or rejection of coverage entirely. Plaintiff cites numerous cases as authority for this proposition. With the exception of Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987), rehearing granted on other grounds, (La.1987), all of the cases relied on by plaintiff deal with the validity of a selection of lower limits.[1] These cases do provide that for a selection of lower limits to be valid, the options available must be presented to the insured for him to make a meaningful selection of lower limits. Roger v. Estate of Moulton deals with the validity of a purported rejection of uninsured motorist coverage under LSA-R.S. 22:1406 D(1)(a). The court reiterated therein the established burden of proof which rests upon the insurer to prove that any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits. The court further stated that:
"In order to have a valid rejection, the rejection must be in writing, and signed by the `named insured' or his `legal representative.'"
* * * * * *
"Accordingly, to effect a valid rejection of the UM coverage under La.R.S. 22:1406(D)(1)(a), the insured or his authorized representative must expressly set forth in a single document that UM coverage is rejected in the State of Louisiana as of a specific date in a particular policy issued or to be issued by the insurer. A writing, regardless of the intention of the insured, of a less precise nature is insufficient to effect a valid rejection." 513 So.2d at 1131, 1132.
Plaintiff has not said that UM coverage was not offered to her, only that she does not recall it being offered to her. While we sympathize with plaintiff in this tragic situation, the rejection clause signed by plaintiff is a clear and unequivocal expression of her intent to reject UM coverage as of the date of the application in any liability policy to be issued by the insurer. The language of LSA-R.S. 22:1406 D(1) is unambiguous and the language in the UM rejection section of the application for the Safeway Insurance Company's policy is unambiguous and conforms to the statute. We find and so hold that the rejection of UM coverage in question is valid, thus the policy of insurance issued by Safeway does not provide plaintiff with UM coverage. There being no genuine issue of material fact and defendant, Safeway, being entitled to judgment as a matter of law, the granting of a *1081 summary judgment was appropriate. We find no error in the judgment of the trial court.
For the reasons expressed herein, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[*] Retired Judge Charles Wm. Roberts sitting Pro Tempore pursuant to order of the Louisiana Supreme Court dated November 3, 1989.
[1] Aramburo v. Travelers Insurance Company, 426 So.2d 260 (La.App. 4th Cir.), writ denied, 433 So.2d 161 (La.1983), modified, 438 So.2d 274 (La.App. 4th Cir. 1983), writ denied, 443 So.2d 1110 (La.1983); Giroir v. Theriot, 513 So.2d 1166 (La.1987); LeCourt v. Galatas, 522 So.2d 665 (La.App. 5th Cir. 1988); Rawson v. Jennings, 487 So.2d 777 (La.App. 3rd Cir.1986).