559 So.2d 552 (1990)
Raymond M. SCHWOCH and Janice D. Schwoch, Plaintiffs/Appellants,
v.
Otto A. SUTOR and Liberty Mutual Insurance Company, in Solido, Defendants/Appellees.
No. 21398-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1990.
C. William Gerhardt & Associates by William F. Kendig, Shreveport, for plaintiffs/appellants.
Theus, Grisham, Davis & Leigh by Phil Myers, Monroe, for defendants/appellees.
Before HALL, C.J., and MARVIN and NORRIS, JJ.
HALL, Chief Judge.
Plaintiff, Robert M. Schwoch, and his wife, Janice M. Schwoch, brought an action for damages against defendants, Otto A. Sutor and Liberty Mutual Insurance Company, for injuries sustained by Mr. Schwoch in an automobile accident. Mr. Sutor was an uninsured motorist. Liberty Mutual, the insurance carrier for Purolator Courier Corporation (Purolator), the owner of the vehicle in which Mr. Schwoch was a guest passenger, answered, denying liability and asserting that Purolator had rejected uninsured motorist coverage. Liberty Mutual filed a motion for summary judgment, contending that it did not provide uninsured motorist coverage. Plaintiffs then filed a petition for declaratory judgment, asking for a declaration that uninsured motorist coverage was provided by Liberty Mutual. The district court ruled in favor of Liberty Mutual, declaring that Purolator had validly rejected uninsured motorist coverage. Plaintiffs appealed. For reasons set forth in this opinion, we affirm the judgment.
Mr. Schwoch was a guest passenger in a vehicle owned by Purolator and driven by Melvin Smith, Jr. when the defendant, Otto Sutor, ran a stop sign and collided with the Purolator vehicle. At the hearing on plaintiff's declaratory judgment, the parties stipulated to the following facts for purposes of determining the question of coverage:
(1) the driver of the Purolator vehicle was in the course and scope of employment and had permission to operate the Purolator vehicle;
(2) plaintiff was not negligent in causing the accident;
(3) plaintiff was injured as a result of the accident;
(4) Peter Dzuiban, an officer of Purolator, was authorized to sign and signed the document purporting to waive uninsured motorist coverage for Purolator;
(5) Sutor was an uninsured motorist;

*553 (6) Louisiana law, specifically LSA-R.S. 22:1406, was the law applicable to this case;
(7) if uninsured motorist coverage was extended, the limit of coverage would be $1,000,000.
Liberty Mutual issued four insurance policies to Purolator bearing numbers AS1-631-004058-065, AE1-631-004058-075, AQ2-631-004058-085, and AC2-631-004058-095, respectively. All of the policies had an effective date of January 1, 1985. Automobile liability coverage was extended to Purolator in each of the four policies based upon the location of the Purolator vehicles. Policy ASI-631-004058-065 provided insurance to Purolator for vehicles registered or principally garaged in Louisiana. The other policies did not provide coverage for autos registered or principally garaged in Louisiana nor were they delivered or issued for delivery in Louisiana. The Louisiana UM statute does not require UM coverage in a policy delivered elsewhere insuring vehicles registered and garaged elsewhere. Snider v. Murray, 461 So.2d 1051 (La.1985). Therefore, UM coverage could only be extended by virtue of the UM statute or operation of law under the ASI-631-004058-065 policy. LSA-R.S. 22:1406(D)(1)(a). Roger v. Estate of Moulton, 513 So.2d 1126 (La. 1987).
On March 1, 1985, Mr. Dzuiban, an officer of Purolator, signed a document which is purported to be a rejection of uninsured motorist coverage. The accident occurred on November 15, 1985. Therefore, the sole issue on appeal is whether the document signed by Mr. Dzuiban validly rejected uninsured motorist coverage pursuant to LSA-R.S. 22:1406(D)(1)(a).
Plaintiffs rely on the case of Roger v. Estate of Moulton, 513 So.2d 1126 (La. 1987), for the proposition that the rejection of uninsured motorist coverage must identify a particular policy of insurance in order to be valid. The rejection in this case does not identify a particular policy by policy number. Specifically, our Supreme Court in Roger, at page 1132, stated:
Accordingly, to effect a valid rejection of the UM coverage under LSA-R.S. 22:1406(D)(1)(a), the insured or his authorized representative must expressly set forth in a single document that UM coverage is rejected in the State of Louisiana as of a specific date in a particular policy issued or to be issued by the insurer. A writing, regardless of the intention of the insured, of a less precise nature is insufficient to effect a valid rejection. This narrow reading of LSA-R.S. 22:1406(D)(1)(a) is in accord with the liberal construction afforded the uninsured motorist statute in order to carry out its objective of protecting an innocent insured who becomes the victim of the negligent uninsured or underinsured motorist. (Emphasis added).
It is the plaintiff's contention that the defendant's failure to comply with the underlined language results in an invalid rejection of uninsured motorist coverage. They argue that since the uninsured motorist coverage was not validly rejected, coverage is extended by virtue of statute under Louisiana law. LSA-R.S. 22:1406(D)(1)(a); Roger v. Estate of Moulton, supra; A.I.U. Ins. Co. v. Roberts, 404 So.2d 948 (La. 1981).
In Louisiana, UM coverage is provided for by statute and embodies a strong public policy. The object of the statute is to promote recovery of damages for innocent automobile accident victims by making UM coverage available for their benefit as primary protection when the tortfeasor is without insurance, and as additional or excess coverage when he is inadequately insured. Roger v. Estate of Mouton, supra; A.I.U. Ins. Co. v. Roberts, supra; Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982).
The requirement that there be UM coverage is an implied amendment of any automobile liability policy, even one which does not expressly address the subject matter, as UM coverage will be read into the policy unless validly rejected. Roger v. Estate of Mouton, supra; A.I.U. Ins. Co., supra.
Since the parties have stipulated that the UM statute would be controlling in this case, we turn to the question of whether the writing in this case is a valid waiver or *554 rejection of uninsured motorist coverage in Louisiana. In order to have a valid rejection, the rejection must be in writing, and signed by the "named insured" or his "legal representative." LSA-R.S. 22:1406(D)(1)(a).
In Roger, supra, an employee of United Parcel Service (UPS) was injured in an accident with an uninsured motorist. The issue in that case was whether the following letter effectuated a valid rejection of UM coverage in Louisiana:
In accordance with our standard procedure and instructions to Liberty Mutual please reject the Uninsured Motorist coverage in the state [sic] of Pennsylvania, effective March 1, 1981.
Since this is our standard practice, regarding Uninsured Motorists [sic] coverage in the event any other state changes their law or regulations to allow rejection of this coverage, please do so immediately on the earliest possible effective date.
The Louisiana Supreme Court ruled that the letter was not a valid rejection of UM coverage in Louisiana because the letter was not a definitive rejection of coverage in Louisiana. The court noted that the letter was "an obvious statement of UPS's rejection of UM coverage in Pennsylvania," but that the other language in the letter was prospective in nature. Since Louisiana had not changed its law after the date of the letter, the court found that the second paragraph of the letter could not suffice as a valid rejection of Louisiana UM coverage. The letter did not state that UM coverage was rejected in Louisiana and thus, was not an unequivocal rejection.
In this case, the form relied on by defendant to support its claim of waiver reads as follows:
IMPORTANT UNINSURED MOTORIST COVERAGE (Louisiana)
To: Liberty Mutual Insurance Company I hereby reject your offer of uninsured motorist coverage.
The printed form sets forth the requirements of Louisiana legislation and advises that it affects all types of motor vehicles registered or principally garaged in Louisiana. The form has an effective date of March 1, 1985. This form unequivocally states that Purolator rejects UM coverage in Louisiana effective March 1, 1985 and is signed by Purolator's authorized representative. The form is in strict compliance with the requirements of the UM statute.
However, plaintiffs assert that the form rejecting uninsured motorist coverage fails to identify a particular policy of insurance to which it is applicable. They argue that since four policies of insurance are involved, the rejection does not clearly specify to which policy it is applicable. Therefore, they urge this court to deem the rejection form invalid, relying on the aforementioned language in Roger, supra, at p. 1132.
While it is true that the Supreme Court mentioned that the rejection should refer to "a particular policy issued or to be issued," this requirement is not fatal to the rejection in this case. Purolator signed a single document expressly stating that UM coverage is rejected in Louisiana as of March 1, 1985, and the document is signed by an authorized representative. The fact that the rejection form fails to list a policy number, does not invalidate the rejection.
In this case, there is only one policy of insurance providing coverage to Purolator in Louisiana. The other policies in evidence extend coverage to Purolator vehicles registered or garaged in Hawaii, Texas or Canada. The rejection form clearly rejects uninsured motorist coverage insofar as coverage applies in Louisiana and necessarily refers to the one particular policy which, absent a valid rejection, would provide such coverage in Louisiana. Inclusion of the policy number on the rejection form was not necessary.
The issue presented in this case was not at issue in Roger. Since the "particular policy" language was not essential to a resolution of that case, it is somewhat dicta. The UM statute only requires a writing signed by the insured or his representative. Purolator complied with the statute in this case and their compliance was sufficient to reject UM coverage in Louisiana as to the particular policy providing coverage in Louisiana, *555 even though the rejection form does not refer to the policy by number.
As noted by the trial court, the UM statute contemplates that valid rejections of UM coverage will continue to operate on renewals or substitute policies without the need for a further rejection. Therefore, it seems apparent that the legislature did not intend to require that a policy number be listed in the rejection form, since policy numbers could change upon renewal or substitution. Also, a rejection can be made in advance of a policy being issued at which time the policy number is unknown. In this case, coverage was provided in one policy of insurance and the form rejected coverage under that policy.
In summary, Purolator signed a document unequivocally rejecting uninsured motorist coverage in the State of Louisiana. The rejection form is not invalidated by Purolator's failure to list the policy by number in the rejection form. The judgment of the trial court finding a valid rejection of UM coverage and dismissing plaintiffs' suit against Liberty Mutual is affirmed at plaintiffs'/appellants' cost.
AFFIRMED.