793 So.2d 467 (2001)
Sheila FRANKLIN, Plaintiff-Appellant,
v.
Lucille COLEMAN and Southern Farm Bureau Casualty Insurance Company, Defendants-Appellees.
No. 34,908-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2001.
Rehearing Denied September 20, 2001.
*468 Bruscato, Tramontana & Wolleson, By J. Antonio Tramontana, Anthony J. Bruscato, Monroe, Counsel for Appellant.
Cotton, Bolton, Hoychick & Doughty, L.L.P., By David P. Doughty Mutual Insurance Co., Rayville, Counsel for Appellee, Louisiana Farm Bureau.
Before NORRIS, PEATROSS and DREW, JJ.
PEATROSS, J.
This appeal arises from the trial court's grant of a motion for summary judgment filed by Defendant, Southern Farm Bureau Casualty Insurance Company ("Farm Bureau"), dismissing the claim of Plaintiff, Sheila Franklin, for uninsured/underinsured motorist ("UM") coverage. The trial court determined that Plaintiff had properly rejected such coverage. For the reasons stated herein, we affirm.

FACTS AND PROCEDURAL HISTORY
On October 25, 1996, Plaintiff was involved in an automobile accident when she was struck from behind by a vehicle driven by Defendant, Lucille Coleman. Ms. Coleman was uninsured. Plaintiff, therefore, sought recovery for her damages through her insurer, Farm Bureau, under any UM coverage which might be afforded. Farm Bureau denied coverage, alleging that Plaintiff had properly rejected UM coverage. This lawsuit ensued.
Farm Bureau filed a motion for summary judgment asserting Plaintiff's proper rejection of UM coverage. Plaintiff argued to the contrary that the rejection was not proper because her signature was not dated and the rejection did not make reference to an insurance policy number. In support of its motion, Farm Bureau attached Plaintiffs answers to interrogatories and the affidavit of Agent Ricky Wamsley, who assisted Plaintiff in filling out the application and UM rejection form.
Mr. Wamsley attested in his affidavit that Plaintiff made an application for insurance on June 14, 1996; that Plaintiff requested minimum coverage limits; that Plaintiff did not want UM coverage; that she signed the appropriate form in which she rejected UM coverage on June 14, 1996, in conjunction with her application; and that she was not charged a premium for UM coverage. In Plaintiffs answers to interrogatories, she admitted that the signature on the UM rejection form was hers and she stated that she did not recall requesting UM coverage.
The trial court granted Farm Bureau's motion and dismissed Plaintiffs claim. It is from this judgment that Plaintiff now appeals.

DISCUSSION

Summary Judgment
On appeal, Plaintiff asserts that the trial court erred in placing the burden on her to prove that an undated rejection form, which was also void of an effective date *469 and policy number, was sufficient. We find no merit in this argument.
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Banks v. State Farm Insurance Co., 30,868 (La.App.2d Cir.8/19/98), 717 So.2d 687. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Taylor v. Rowell, 98-2865 (La.1999), 736 So.2d 812; Banks, supra; Barron v. Webb, 29,707 (La.App.2d Cir.8/20/97), 698 So.2d 727, writ denied, 97-2357 (La.11/26/97), 703 So.2d 651.
The mover has the burden of establishing an absence of a genuine issue of material fact. A fact is material if its existence or non-existence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Banks, supra; Curtis v. Curtis, 28,698 (La.App.2d Cir.9/25/96), 680 So.2d 1327. Once the party moving for summary judgment meets his or her burden, however, the adverse party must then present evidence demonstrating that material factual issues remain by producing factual support sufficient to establish that the adverse party will satisfy his or her evidentiary burden at trial. La C.C.P. art. 966(C)(2).
The object of the UM legislation is to promote full recovery for innocent automobile accident victims by making UM coverage available for their benefit. Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982). The statute is to be liberally construed such that the statutory exceptions to the coverage requirement are interpreted strictly. Any exclusion from coverage in an insurance policy must be clear and unmistakable. The insurer bears the burden of proving any insured named in the policy rejected in writing UM coverage equal to bodily injury limits or selected lower limits. Tugwell v. State Farm Insurance Company, 609 So.2d 195 (La.1992); Henson v. Safeco Insurance Companies, 585 So.2d 534 (La.1991); Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987).
In accordance with La. C.C.P. art. 966, however, once the insurer has shown that the UM rejection form is valid, the burden then shifts to the insured to prove otherwise. Plaintiff first complains that the trial court erred in relying on parol evidence outside the four corners of the rejection form in finding that Farm Bureau had carried its burden. Once the validity of the rejection form is questioned, however, it is proper to search beyond the "four corners" of the form to determine when it was signed and to which policy it applied. Tijerina v. Stawecki, 95-1200 (La.App.3d Cir.3/6/96), 670 So.2d 792; Maney v. Bennett, 97-0840 (La.App. 4th Cir.11/19/97), 703 So.2d 152. In addition, although parol evidence may not be introduced to vary the actual terms or provisions of a policy, evidence my be introduced to determine whether a policy is in force. Alford v. Woods, 614 So.2d 1299 (La.App. 3d Cir.1993), writ denied, 617 So.2d 915 (La.1993).
Plaintiff also points specifically to a statement in the trial court's reasons for judgment as being an erroneous shift of the summary judgment burden. That statement is as follows:
Plaintiff failed to produce countervailing affidavits as proof that the rejection form filed in this record was intended to *470 reject UM coverage in a separate insurance policy than the one sub judice. (Emphasis ours).
Plaintiff has taken this statement out of context. In the same paragraph from which the above statement is taken, the trial court addresses the evidence presented by Farm Bureau which tends to prove that the UM rejection form signed by Plaintiff was valid. Further, the use of the word "countervailing" in the extricated statement indicates that the trial court had properly considered the evidence presented by the mover, Farm Bureau, prior to addressing the lack of evidence presented by Plaintiff. We find, therefore, that the trial court properly applied the burden of proof.

Validity of UM Rejection Form
Plaintiff cites Roger, supra, in support of her position that, in order for a rejection of UM coverage to be valid, it must state the date of the rejection and make reference to the specific policy to which it applies. We find her reliance on Roger, supra, to be misplaced.
In Roger, supra, the insured, a multistate business which required insurance coverage in several states, wrote two letters to the insurer regarding UM coverage. One letter in particular stated specifically that it wished to reject UM coverage in Pennsylvania and, further, that it wished to reject UM coverage in any other state which allowed it to do so at that time or in the future. The language to which Plaintiff refers in Roger, supra, applies specifically to these letters and reads as follows:
Accordingly, to effect a valid rejection of the UM coverage under La. R.S. 22:1406(D)(1)(a), the insured or his authorized representative must expressly set forth in a single document that UM coverage is rejected in the State of Louisiana as of a specific date in a particular policy issued or to be issued by the insurer. A writing, regardless of the intention of the insured, of a less precise nature is insufficient to effect a valid rejection. This narrow reading of La. R.S. 22:1406(D)(1)(a) is in accord with the liberal construction afforded the uninsured motorist statute in order to carry out its objective of protecting an innocent insured who becomes the victim of the negligent uninsured or under-insured motorist. Roger, supra.

The supreme court found that the letter did not state that UM coverage was rejected in Louisiana and, thus, was not an unequivocal rejection. It is for that reason that the supreme court held that the rejection was not valid, not because there was no date or specific policy reference in the letter.
In addressing the reasoning of the supreme court in Roger, supra, a panel of this court in Schwoch v. Sutor, 559 So.2d 552 (La.App. 2d Cir.1990), stated, regarding the absence of a policy number reference, that:
While it is true that the Supreme Court mentioned that the rejection should refer to `a particular policy issued or to be issued,' this requirement is not fatal to the rejection in this case.
Specifically, our court found that there was only one policy of insurance providing coverage to the insured issued in Louisiana; and, we, therefore, held that inclusion of the policy number was not necessary. See also, Maney, supra, in which the fourth circuit also found the fact that only one policy had been issued to the insured by the insurer in this state to be a significant factor in its decision.
In Schwoch, supra, our court also noted that La. R.S. 22:1406 contemplates that valid rejections of UM coverage will continue to operate on renewals or substitute *471 policies without the need for a further rejection. It can be gleaned from this provision, therefore, that the legislature did not intend to require that a policy number be listed in the rejection form, since policy numbers could change upon renewal or substitution. A rejection may also be made in advance of a policy being issued, as in the case sub judice, at which time the policy number is unknown.
Similar to Schwoch, supra, there is only one policy issued by Farm Bureau to Plaintiff in Louisiana. Although the policy number is not stated on the UM rejection form, Mr. Wamsley wrote "95 Nissan" in the space provided. Plaintiff owned no other vehicle at that time. Further, the declaration sheet of the policy, which has a date of July 1, 1985, and the application for the policy, which is dated by underwriting as approved on June 21, 1985, each indicate that UM coverage was rejected.
Moreover, yet another panel of this court in Bonnette v. Robles, 32,191 (La. App.2d Cir.8/18/99), 740 So.2d 261, held that the form did not need to have such a policy reference, stating:
There simply exists no requirement in the law to this effect, and as previously noted [La. R.S. 22:1406], the form becomes part of the policy by operation of law.
See also Maney, supra, in which the word "APPLICATION" was printed in the blank for the policy number and the insured's signature was not dated, nor was there an effective date, yet the court found the form in that case to be a valid UM rejection.
Further regarding the lack of a date on the UM rejection form, there are several cases, from this circuit as well as from the supreme court and other circuits, in which the absence of a date on a UM rejection form did not invalidate the rejection. See Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213, Pine v. Doolittle, 28,141 (La.App.2d Cir.6/26/96), 677 So.2d 686, writ denied, 96-2269 (La.5/30/97), 694 So.2d 240; Guilbeau v. Gabriel, 553 So.2d 1078 (La.App. 3d Cir.1989), writ denied, 559 So.2d 138 (La.1990); Anderson v. Allstate Insurance Company, 29,847 (La. App.2d Cir.9/24/97), 699 So.2d 1160.
Although the rejection forms in the above cases were incorporated within the insurance applications, we do not find this fact to be significant. In Stewart v. Edwards, 34,435 (La.App.2d Cir.4/4/01), 784 So.2d 740, another panel of this court found that the absence of a date on a UM rejection form was of no consequence, even though the form was separate from the application. In Stewart, supra, our court determined that the finding in Roger, supra, applied only to the narrow issue of a letter purporting to reject UM coverage.
Finally, in Melton v. Miley, 98-1437 (La.App. 1st Cir.9/24/99), 754 So.2d 1088, writ denied, 99-3089 (La.1/7/00), 752 So.2d 867, as in Maney, supra, the UM rejection form was missing both a signature date and a policy reference. Further, in Melton, supra, the court found that the application showed in two places that UM coverage had been rejected; the word "ATTACH" was written where the policy number should have been, similar to the word "APPLICATION" in Maney, supra; and there was a proposed effective date on the application. UM coverage was found to have been validly rejected.
In summary, there is no statutory requirement that a UM rejection form state a date or refer to a policy number to be a valid rejection of such coverage. Given the surrounding circumstances coupled with the cited jurisprudence, we cannot say that the trial court was wrong in its finding that Plaintiff validly rejected UM coverage.

*472 CONCLUSION

For the reasons stated herein, the finding of the trial court that Plaintiff, Sheila Franklin, validly rejected uninsured/under-insured motorist coverage is affirmed. All costs are assessed to Plaintiff, Sheila Franklin.
AFFIRMED.
NORRIS, C.J., dissents with reasons.
NORRIS, Chief Judge, dissenting.
I respectfully dissent. The majority correctly acknowledges uninsured motorist coverage embodies a strong public policy. Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987). In Roger, supra, the Supreme Court held:
[I]n order to effect a valid rejection of UM coverage under La. R.S. 22:1406 D(1)(a), the insured must expressly set forth in a single document that UM coverage is rejected in the State of Louisiana as of a specific date in a particular policy issued or to be issued by the insurer. A writing, regardless of the intention of the insured, of a less precise nature is insufficient to effect a valid rejection. This narrow reading of La. R.S. 22:1406(D)(1)(a) is in accord with the liberal construction afforded the uninsured motorist statute in order to carry out its objective of protecting an innocent insured who becomes the victim of the negligent uninsured or under-insured motorist. (Emphasis added)
Here, the rejection form was not incorporated within the policy application; it did not refer to the insurance policy number; it was not dated; it did not even provide a date upon which it was to become effective. Although it is signed by the insured, in all other respects it deviates so far from the statute and jurisprudence that I do not find it a "clear and unmistakable" rejection, particularly under the liberal construction rule espoused in Roger, supra.
Admittedly, various appellate court opinions have excused individual deficiencies in, and approved the validity of, UM rejections. See, e.g., Schwoch v. Sutor, 559 So.2d 552 (La.App. 2d Cir.1990), in which omission of the policy number from the rejection form was held not to invalidate it. The majority also points to Pine v. Doolittle, 28,141 (La.App.2d Cir.6/26/96), 677 So.2d 686, writ denied, 96-2269 (La.5/30/97), 694 So.2d 240; Guilbeau v. Gabriel, 553 So.2d 1078 (La.App. 3d Cir. 1989), writ denied, 559 So.2d 138 (1990); and Anderson v. Allstate Ins. Co., 29,847 (La.App.2d Cir.9/24/97), 699 So.2d 1160. However, in these cases the rejection forms were incorporated within the insurance applications; here, plaintiff's rejection form was not.
I would also distinguish Stewart v. Edwards, 34,435 (La.App.2d Cir.4/4/01) 784 So.2d 740, on the factual grounds stated therein. These cases all meet the criteria of Roger and of Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213; the instant case does not.
Finally, I would not dismiss as insignificant the trial court's improper allocation of the burden of proof on the motion for summary judgment. I differ with the majority that the trial court properly applied the burden of proof. Applying the rationale of Daigle v. Authement, supra, the insurer bears the burden of proof that rejection of UM coverage or selection of lower limits has been legally perfected.
Although Farm Bureau provided the affidavit of one of its agents, Mr. Walmsley, who states that the plaintiff did not want UM coverage and that she signed the appropriate form rejecting UM coverage, plaintiff's intent, under Roger, supra, is irrelevant absent a valid rejection. Farm *473 Bureau, not the plaintiff, must provide proof that plaintiffs rejection of the UM coverage was "clear and unmistakable." Since Farm Bureau failed to meet its burden of proving that the plaintiff's rejection was valid, the issue of whether the burden of proof has shifted is pretermitted. In light of the jurisprudence, I do not find that Farm Bureau met the burden of production which would entitle it to the burden shift of La. C.C.P. art. 966 C(2). For these reasons I would reverse the summary judgment and remand the case for further proceedings.

APPLICATION FOR REHEARING
Before NORRIS, C.J., CARAWAY, PEATROSS, KOSTELKA and DREW, JJ.
Rehearing denied.
NORRIS, C.J., would grant rehearing.