920 So.2d 244 (2005)
Donna DUPUY
v.
ALLSTATE INSURANCE COMPANY and Melina Kirsch.
No. 05-CA-497.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2005.
*245 Ronald E. Lampard, Terrence J. Hand, Metairie, Louisiana, for Plaintiff/Appellant.
Charles V. Giordano, Tasha W. Hebert, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This case arises from a motor vehicle accident that occurred on February 14, 2002. Plaintiff, Donna Dupuy, asserts that she was driving her 1989 Toyota Camry when she was struck by a Chevrolet Corsica owned by Margaret Fondren and operated by Melina Kirsch. Ms. Dupuy alleges that Ms. Kirsch failed to yield for a stop sign and was at fault for the accident. Plaintiff filed this suit against several defendants, including Progressive Insurance Company ("Progressive"). She contends that Progressive provided uninsured and underinsured motorist ("UM") coverage for her at the time of the accident.
On September 2, 2004, Progressive filed a motion for summary judgment, arguing that Ms. Dupuy had executed a valid waiver of UM coverage and, therefore, it was not liable for any damages in this case. A hearing was held on November 2, 2004, and the trial court granted the motion for summary judgment and dismissed plaintiff's claims against Progressive. It is from this judgment that plaintiff appeals.

LAW AND DISCUSSION
On appeal, plaintiff asserts that the trial court erred in granting Progressive's motion for summary judgment on the issue of UM coverage, because the waiver form does not contain a policy number or signature date, and thus, it is incomplete and deficient. She contends that: 1) a valid UM waiver must be contained within the document itself and may not be proven by parole evidence; 2) a UM waiver must contain a dated signature and a policy number to which the waiver is applicable; and 3) all relevant blanks on a UM waiver form must be addressed or the form is incomplete.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327 (La.App. 5th Cir.04/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of every action. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, 195; LSA-C.C.P. art. 966(A)(2).
In Louisiana, uninsured motorist coverage is required under an automobile insurance policy in not less than the limits of bodily injury liability, unless the named insured specifically rejects UM coverage or selects lower limits. LSA-R.S. 22:680(1)(a)(i);[1]Duhon v. Baquet, 01-913 (La.App. 3 Cir. 12/19/01), 815 So.2d 889, *246 891, writ denied, 02-78 (La.3/15/02), 811 So.2d 914. A rejection of UM coverage or selection of lower limits shall be made on a form prescribed by the commissioner of insurance, which must afford the applicant the opportunity to make a meaningful selection from the three statutory options: 1) UM coverage equal to bodily injury limits in the policy; 2) UM coverage lower than the bodily injury limits in the policy; and 3) no UM coverage. Id.; Tugwell v. State Farm Ins. Co., 609 So.2d 195, 196 (La. 1992). An automobile insurance policy application must present the insured with a separate or conspicuous UM selection form, that advises the applicant of the UM coverage options and requires the applicant to affirmatively reject UM coverage, such as by checking a rejection box or by initialing or signing the rejection. Washington v. Imperial Fire and Cas. Ins. Co., 28,434 (La.App. 2 Cir. 6/26/96), 677 So.2d 599, 601.
In the instant case, Ms. Dupuy purchased a Progressive automobile liability insurance policy from Stiel Insurance Agency in April 2000. She was presented with a UM selection form that contained all of the options required for validity under LSA-R.S. 22:680 and Tugwell, supra. Ms. Dupuy initialed next to the option that provided as follows:
I do not want UMBI Coverage. I understand that I will not be compensated through UMBI Coverage for losses arising from an accident caused by an uninsured/underinsured motorist.
Although Ms. Dupuy clearly selected a rejection of UM coverage, she attacks the validity of the rejection, because her signature on the form is not dated and the policy number is absent from the form. She further argues that parol evidence cannot be used to cure deficiencies in a waiver.
Although parol evidence may not be used to vary the terms of an insurance policy, Louisiana courts have repeatedly held that parol evidence can be used to determine if and when a policy is in effect. In Tijerina v. Stawecki, 95-1200 (La.App. 3 Cir. 3/6/96), 670 So.2d 792, 793, the Third Circuit stated that, once the validity of a rejection form is questioned, it is proper to search beyond the "four corners" of the form to determine when it was signed. In Franklin v. Coleman, 34,908 (La.App. 2 Cir. 8/22/01), 793 So.2d 467, 469, the Second Circuit indicated that parol evidence can be admitted to establish when a UM waiver was signed and to which policy it applied. Also, in Maney v. Bennett, 97-0840 (La.App. 4 Cir. 11/19/97), 703 So.2d 152, 155, the Fourth Circuit held that the trial court did not err by allowing parol evidence to establish whether a policy, along with a signed waiver of UM benefits, was in effect at the time of the accident.
Plaintiff asserts that the cases allowing parol evidence are not good law and should be rejected by this court, because they conflict with Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987), in which the Louisiana Supreme Court stated that a valid rejection of UM coverage must be expressly set forth in a single document as of a specific date and in a particular policy issued, and that a writing of a less precise nature, regardless of the insured's intent, is insufficient to effect a valid rejection. However, Roger is clearly distinguishable, because it involved a letter intended to reject UM coverage, not a UM selection form, and it contained prospective language that made it unclear whether or not UM coverage was rejected in Louisiana. See also Franklin v. Coleman, supra, in which the Second Circuit noted that in Roger, the Louisiana Supreme Court found that the letter was not an unequivocal rejection of UM coverage, but it did not find that the rejection was invalid because *247 there was no date or policy number in the letter.
In the present case, the UM selection form does not contain prospective language and meets the statutory requirements for validity. Considering the evidence before us and the jurisprudence on this issue, we find that the trial court did not err in allowing parol evidence to establish when the UM selection form was signed and to which policy it applied.
We further find no merit in plaintiff's argument that the waiver is invalid because it does not contain a date by Ms. Dupuy's signature or a policy number. In support of its motion for summary judgment, Progressive submitted several exhibits, including the deposition of plaintiff, in which she acknowledged that she signed the UM selection form on April 12, 2002, and that she only had one automotive policy of insurance with Progressive, which she renewed three times prior to this accident. As stated above, it was proper for the trial court to allow this parol evidence to establish when the waiver form was signed and to which policy it applied. Further, the jurisprudence establishes that the lack of a signature date and policy number does not invalidate the UM selection form, where such information is established by parol evidence.
In Knight v. Owens, 03-1064 (La.App. 5 Cir. 2/23/04), 869 So.2d 188, this Court held that a UM selection form was valid, even though it did not contain the policy number, where the insured was provided the coverage options, as set forth in Tugwell, and clearly indicated that she rejected UM coverage in its entirety. In Maney v. Bennett, supra, the Fourth Circuit held that the absence of a signature date and policy number did not preclude the trial court from admitting extrinsic evidence to determine whether the policy was in effect at the time of the incident. In Melton v. Miley, 98-1437 (La.App. 1 Cir. 9/24/99), 754 So.2d 1088, writ denied, 99-3089 (La.1/7/00), 752 So.2d 867, the First Circuit held that a vehicle owner had validly rejected UM coverage even though there was no policy number or date alongside the signature on the UM selection form. In Duhon v. Baquet, supra, the Third Circuit held that the rejection of UM coverage on a UM selection form was valid even though it did not refer to a particular policy number and did not state a particular time period.
Considering the requirements of LSA-R.S. 22:680 and the jurisprudence, we find that the lack of a policy number on Ms. Dupuy's UM selection form does not render it invalid. There is no statutory requirement that a UM selection form contain a policy number in order to be valid. Further, Ms. Dupuy had only one policy of automobile insurance with Progressive, so there is no question to which policy the UM waiver was intended to apply. We further find that the lack of a date next to Ms. Dupuy's signature does not invalidate the UM rejection. Ms. Dupuy admitted in her deposition that she signed the waiver on April 12, 2002, that she initialed next to the option rejecting UM coverage, and that she renewed her policy three times thereafter. A validly executed rejection form applies to subsequent renewal policies. LSA-R.S. 22:680(1)(a)(i).
After a thorough de novo review of the record before us, particularly the motion for summary judgment, exhibits, and opposition memoranda, and the applicable statutes and jurisprudence, we find that Ms. Dupuy validly waived UM coverage under her Progressive automobile insurance policy and thus, there are no genuine issues of material fact regarding whether Progressive is liable in this case. Accordingly, we affirm the summary judgment granted in *248 favor of Progressive, dismissing plaintiff's claims against Progressive with prejudice.

DECREE
For the reasons set forth above, the judgment of the trial court granting Progressive's motion for summary judgment and dismissing plaintiffs' claims against it is affirmed.
AFFIRMED.
NOTES
[1] The provisions of law governing the issuance of uninsured motorist coverage in Louisiana were previously set forth in LSA-R.S. 22:1406(D). However, LSA-R.S. 22:1406(D) was redesignated as LSA-R.S. 22:680 by § 3 of Acts 2003, No. 456.