812 So.2d 776 (2002)
Robert Earl HOBSON and Delores Nelson Hobson, et al., Plaintiffs-Appellees,
v.
Wanda Faye KING, et al., Defendants-Appellants.
No. 35,743-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2002.
Writ Denied May 24, 2002.
*777 Tracy L. Oakley, Ruston, Counsel for Defendant-Appellant, Safeway Ins.
O'Neal Law Offices, by F. Hodge O'Neal, Counsel for Plaintiffs-Appellees, Robert Hobson, Delores Hobson, Ricky Hobson, Robert Hobson, Jr. and Mary Douglas.
Smith and Davis, L.L.P., by Amos H. Davis, Baton Rouge, Counsel for Defendants-Appellees, Eugene Styron, Lonnie Styron, U-Haul International and Republic Western Ins.
Before BROWN, CARAWAY and PEATROSS, JJ.
BROWN, Judge.
This appeal concerns the validity of a rejection of uninsured motorist coverage on a form promulgated pursuant to the provisions of La.R.S. 22:1406(D)(1)(a)(ii). Following cross motions for summary judgment, the trial court granted plaintiffs' motion and held the form in question to be invalid because it had been altered. For the reasons that follow, we reverse.

Facts
On March 12, 2000, Delores Nelson Hobson and her children, Ricky Earl Hobson, Mary Douglas, and Robert Earl Hobson, Jr., were involved in an automobile accident with an uninsured motorist. Their claim for benefits under their own policy with Safeway Insurance Company was denied by Safeway on grounds that Delores Nelson had rejected UMBI (Uninsured Motorist Bodily Injury) coverage. The alleged rejection was executed on a form promulgated by the Louisiana Commissioner of Insurance pursuant to the provisions of La.R.S. 22:1406(D)(1)(a)(ii). The Safeway form included the following language:
By law, your policy will include UMBI Coverage at the same limits as your Bodily Injury Liability Coverage unless you request otherwise. If you wish to reject UMBI Coverage, select lower limits *778 of UMBI Coverage, or select Economic-Only UMBI Coverage, you must complete this form and return it to your insurance agent or insurance company. (Economic-Only UMBI Coverage may not be available from your insurance company. In this case, your company will have marked options 3 and 4 below as "Not Available.") (Emphasis added).
The form then provided five options concerning UMBI coverage: The first option was UMBI coverage for both economic and non-economic losses with the same limits as bodily injury liability coverage. This option defined "economic losses" as those that could be measured in specific monetary terms, including, but not limited to, medical costs, funeral expenses, lost wages, and out-of-pocket expenses, and "non-economic losses" as losses other than economic losses, including, but not limited to pain, suffering, inconvenience, and mental anguish. The second option provided on the form was UMBI coverage for both economic and non-economic losses, with limits lower than bodily injury liability coverage limits. Options three and four allowed selection of economic-only UMBI coverage, either with the same limits as bodily injury liability coverage or with lower limits than bodily injury liability coverage. However, options three and four were marked as "Not Available." Finally, the fifth option provided by the form was a complete rejection of UMBI coverage. Delores Nelson initialed option number five and signed the UMBI coverage form on March 10, 2000.
After cross-motions for summary judgment were filed concerning the validity of the waiver, and after arguments were heard on the motions, the trial court concluded that the form, promulgated by the Commissioner of Insurance, had been "altered"; therefore, the motion for summary judgment filed on behalf of plaintiffs was granted, while the motion for summary judgment filed on behalf of defendants was denied. This appeal followed.

Discussion
Louisiana law requires UM coverage in every automobile liability insurance policy for an amount not less than the limits of bodily injury liability provided by the policy. This minimum amount is automatically included in the policy unless the insured rejects the coverage or selects lower limits. La.R.S. 22:1406D(1)(a)(i); Cangelosi v. Allstate Ins. Co., 96-0159, (La.App. 1st Cir.09/27/96), 680 So.2d 1358, writ denied, 96-2586 (La.12/13/96), 692 So.2d 375. In 1997, the Legislature enacted Act No. 1476, which amended the statute governing UM coverage to allow an additional selection by an insured for economic only ("EO") UM coverage. The pertinent part of La.R.S. 22:1406D(1)(a)(i) provides:
Insurers may also make available, at a reduced premium, the coverage provided under this Subsection with an exclusion for all noneconomic loss. This coverage shall be known as "economic-only" uninsured motorist coverage. Noneconomic loss means any loss other than economic loss and includes but is not limited to pain, suffering, inconvenience, mental anguish, and other noneconomic damages otherwise recoverable under the laws of this state. (Emphasis added).
Subsection (D)(1)(a)(ii) of the statute further provides that "rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance," and the "prescribed form shall be provided by the insurer and signed by the named insured or his legal representative."
The form in question was promulgated by the Louisiana Commissioner of Insurance on April 28, 1998, in La. Bulletin *779 LIRC 98-01, attached to this opinion as Appendix "A". The form used by Safeway is identical to the form promulgated by the Commissioner of Insurance in all respects, including the provision providing that a company not offering EO UMBI coverage will have marked options three and four as "Not Available."
In the instant case, there is no question that the rejection was executed on a form provided by the Commissioner of Insurance and that the form specifically states that EO UMBI coverage might not be available from the insurer, in which case the company would have marked options three and four as "Not Available." Accordingly, the trial court incorrectly concluded that the form was "altered" by the insurance company.
Plaintiffs contend that even if Safeway chooses not to sell EO UMBI coverage, the purchaser still has a right "to see a form with all of the options granted by the statute." Thus, if the purchaser chooses a type of UMBI coverage not sold by Safeway, the company may inform him of that fact and he can seek insurance elsewhere. Plaintiffs also argue that the Commissioner of Insurance could not authorize Safeway to "deprive an insured of one of his choices" because the statute instructs the Commissioner to create a form that includes EO UMBI coverage. We disagree with both of plaintiffs' arguments.
First, the statute specifically indicates that EO UMBI coverage is a type of coverage that an insurer may offer. The language of the La.R.S. 22:1406 that "[i]nsurers may also make available," at a reduced premium uninsured motorist coverage with an exclusion for all non-economic loss is permissive language, in contrast to other provisions in the statute in which the word "shall" indicates that a provision is mandatory rather than permissive.
Nowhere does the statute require that the form prescribed by the Commissioner of Insurance afford an insured the option of selecting EO coverage. Instead, the provisions simply requires that, when an insured makes a selection concerning uninsured motorist coverage, other than coverage in an amount equal to bodily injury liability coverage, that selection, whether a rejection, a selection of lower limits, or selection of EO coverage, must be made on the prescribed form. Stated differently, the requirement of the selection of EO coverage, if available, on the prescribed form, does not equal a requirement that the insurer offer EO coverage. Furthermore, while the statute does not specifically state that automobile insurance purchasers must be made aware of EO UMBI coverage, even if the statute could be so read, the form promulgated by the Commissioner of Insurance and utilized by Safeway clearly explains EO UMBI coverage and full UMBI coverage, and plainly states that EO UMBI coverage may not be available from the purchaser's insurance company. Thus, the form indicates all possible options concerning UMBI coverage, while also explaining the nature of EO UMBI coverage.
We conclude that the form is valid and that the trial court erred in granting summary judgment for plaintiffs.

Conclusion
For the reasons set forth above, we reverse the trial court's judgment and render judgment in favor of Safeway, holding that Ms. Nelson's waiver of UMBI coverage was valid. Costs are assessed to plaintiffs-appellees.
REVERSED AND RENDERED.
*780
 APPENDIX "A"
 STATE OF LOUISIANA
This form was promulgated pursuant to LRS 22 § 1406.D.(1)(a)(ii). This
form may not be altered or modified.
UNINSURED/UNDERINSURED MOTORIST BODILY INJURY COVERAGE FORM
UNINSURED/UNDERINSURED MOTORISTS BODILY INJURY
COVERAGE, referred to as "UMBI" in this form, is insurance which pays
persons insured by your policy who are injured in an accident caused by an
owner or operator of an uninsured or underinsured motor vehicle.
By law, your policy will include UMBI Coverage at the same limits as your
Bodily Injury Liability Coverage unless you request otherwise. If you wish
to reject UMBI Coverage, select lower limits of UMBI Coverage, or select
Economic-Only UMBI Coverage, you must complete this form and return it
to your insurance agent or insurance company. (Economic-Only UMBI
Coverage may not be available from your insurance company. In this case,
your company will have marked options 3 and 4 below as "Not Available.")
 UNINSURED/UNDERINSURED MOTORIST BODILY INJURY COVERAGE
You may select one of the following UMBI Coverage options (initial only
one option):
1. _______ I select UMBI Coverage which will compensate me for my
 Initials economic and non-economic losses with the same limits as
 my Bodily Injury Liability Coverage.
 Economic losses are those which can be measured in
 specific monetary terms including, but not limited to,
 medical costs, funeral expenses, lost wages, and out of
 pocket expenses.
 Non-economic losses are losses other than economic losses
 and include, but are not limited to, pain, suffering,
 inconvenience, and mental anguish.
2. _______ I select UMBI Coverage which will compensate me for my
 Initials economic and non-economic losses with limits lower than
 my Bodily Injury Liability Coverage limits:
 $_______________ each person
3. _______ I select Economic-Only UMBI Coverage which will compensate
 Initials me only for my economic losses with the same limits as my
 Bodily Injury Liability Coverage.
*781
4. _______ I select Economic-Only UMBI Coverage which will compensate
 Initials me only for my economic losses with limits lower than my
 Bodily Injury Liability Coverage limits:
 $_______________ each person $_______________ each accident
5. ________ I do not want UMBI Coverage. I understand that I will not be
 Initials compensated through UMBI coverage for losses arising
 from an accident caused by an uninsured/underinsured
 motorist.
 SIGNATURE
THE CHOICE I MADE BY MY INITIALS ON THIS FORM WILL APPLY TO ALL
PERSONS INSURED UNDER MY POLICY. MY CHOICE SHALL APPLY TO THE
MOTOR VEHICLES DESCRIBED IN THE POLICY AND TO ANY REPLACEMENT
VEHICLES, TO ALL RENEWALS OF MY POLICY, AND TO ALL
REINSTATEMENT OR SUBSTITUTE POLICIES UNTIL I MAKE A WRITTEN
REQUEST FOR A CHANGE IN MY BODILY INJURY LIABILITY COVERAGE OR
UMBI COVERAGE.
________________________________________________________ _______________
Named Insured or Legal Representative (Please Print) Policy Number
________________________________________________________ _______________
Signature of a Named Insured or Legal Representative Date
LA Bulletin LIRC 98-01