817 So.2d 454 (2002)
Linda Faye JONES, Plaintiff-Appellant,
v.
Marcus JONES and Safeway Insurance Company of Louisiana, Defendants-Appellees.
No. 36,040-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 2002.
Bruscato, Tramontana, & Wolleson, by Anthony J. Bruscato, Monroe, for Appellant.
Tracy L. Oakley, Ruston, for Appellee Safeway Ins. Co. of La.
Before NORRIS, C.J., and STEWART and DREW, JJ.
STEWART, J.
The sole issue presented on appeal is whether an uninsured/underinsured motorist bodily injury coverage form ("UMBI" form) is invalid if it does not include the insurance policy number. For the reasons set forth below, we conclude that the failure to include the insurance policy number is not fatal to the form's validity in this case. Accordingly, we affirm the trial court's judgment finding that uninsured/underinsured motorist coverage was validly rejected herein.

FACTS
In June 2000, plaintiff, Linda Faye Jones, was injured in an automobile accident in which she was a guest passenger in an automobile owned and operated by Janice Rhone. Jones subsequently brought suit against Marcus Jones, the driver of the other vehicle involved in the accident, and against Safeway Insurance of Louisiana, which had issued an automobile insurance policy to Janice Rhone. Linda Faye Jones asserted that Safeway's policy provided uninsured motorist coverage to her for the accident.
Safeway answered, affirmatively asserting that uninsured/underinsured motorist coverage on its policy had been rejected. Subsequently, Safeway filed a motion for summary judgment on the coverage issue. Safeway supported its motion for summary judgment with the affidavit of Paula Thibodeaux, the manager of underwriting for *455 Safeway Insurance Company of Louisiana. Thibodeaux stated that Safeway had issued a personal automobile policy to Janice Rhone, and that Rhone had waived underinsured/uninsured motorist coverage on the policy. Attached to Thibodeaux's affidavit was a copy of the policy, including the declaration page of a renewal certificate, and copies of UMBI forms signed by Rhone which rejected uninsured/underinsured motorist bodily injury coverage. One such form was signed by Rhone on the same date that Rhone signed an application for insurance with Safeway. That form was dated October 6, 1999, and had Rhone's initials in a blank next to a statement which provided:
I do not want UMBI Coverage. I understand that I will not be compensated through UMBI Coverage for losses arising from an accident caused by an uninsured/underinsured motorist.
Rhone's signature is on the UMBI form in the lower left-hand corner. Just below her signature as a named insured or legal representative are the words "Safeway Insurance Company of Louisiana." There also is a blank near the bottom right-hand corner of the form under which appear the words "Policy Number," but this blank is not filled in. The second such UMBI form is dated April 5, 2000, the last date of coverage under the six-month term of the original policy. The second UMBI form also was initialed by Rhone indicating that she did not want UMBI coverage. This form apparently was executed in connection with renewal of the policy for another six-month term. Like the first form, the second form also did not include the insurance policy number.
In response to Safeway's motion for summary judgment, Jones pointed out that none of the UM rejection forms had the policy number filled in. Jones argued that this failure to include the policy number was not a mere technical objection, but that to validate a rejection of UM coverage to gain "a rebuttable presumption that the insured knowingly rejected coverage," compliance must include the policy number. Arguing that the UM coverage rejection form was not properly completed and signed, Jones asserted that she should be able to recover for her loss. After hearing argument on Safeway's motion for summary judgment, the trial court granted summary judgment in Safeway's favor and dismissed the claims of Jones against Safeway with prejudice. This appeal followed.

DISCUSSION
The provisions of La. R.S. 22:1406(D)(1)(a)(ii) require that after September 1, 1987, rejection of underinsured motorist coverage, selection of lower limits of uninsured motorist coverage, or selection of economic-only uninsured motorist coverage shall be made only on a form prescribed by the Commissioner of Insurance. The statutory provisions also state in pertinent part:
The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage.
Louisiana law requires UM coverage in every automobile liability insurance policy for an amount not less than the limits of bodily liability provided by the policy. *456 This minimum amount is automatically included in the policy unless the insured rejects the coverage, selects lower limits, or selects economic-only coverage. La. R.S. 22:1406(D)(1)(a)(i). Hobson v. King, 35,743 (La.App.2d Cir.2/27/02) 812 So.2d 776.
There is no question in the instant case that the rejection was executed on a form provided by the Commissioner of Insurance. The form used by Safeway is identical to the form promulgated by the Commissioner of Insurance on April 28, 1998, in La. Bulletin LIRC 98-01. Furthermore, Jones does not argue on appeal that Rhone's signature is not genuine. Instead, the argument presented by Jones on appeal focuses on the fact that Safeway's UMBI form did not include the policy number. Jones points out that the bulletin in which the Commissioner of Insurance promulgated the form includes the following paragraph:
The prescribed UM Form is required by law to be used with all automobile insurance policies delivered or issued for delivery in Louisiana. For identification purposes, the company name must be placed at the lower left-hand corner and the policy number at the lower right-hand corner of the form.
Jones argues that in compliance with legislation, the Commissioner of Insurance adopted a form "to bring closure to all of the confusion and to all of the litigation." Jones further argues that a UM rejection is not properly completed if it fails to include the policy number.
Initially, we note that under the provisions of La. R.S. 22:1406(D)(1)(a)(ii), there is no express or implied requirement that the form prescribed by the Commissioner of Insurance include the policy number. Instead, the legislation states that the form signed by the named insured or his legal representative which initially rejects UM coverage, selects lower limits, or selects economic-only coverage, shall be conclusively presumed to become a part of the policy or contract when issued and delivered, regardless of whether physically attached to the policy. Because the rejection form unquestionably was signed by Rhone, one can argue that it was not critical for the form to contain the policy number, especially where the form was conclusively presumed to be a part of the policy itself. At the same time, one can argue that: (1) because the statutory provisions also state that a "properly completed and signed form" creates a rebuttal presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage; and (2) because the bulletin promulgating the form indicates that for identification purposes, the company name must be placed in the lower left-hand corner and the policy number at the lower right-hand corner of the form, the omission of the policy number destroys the rebuttable presumption of knowingly rejected UM coverage.
Assuming arguendo that the statutory language should be interpreted to destroy the rebuttable presumption, we still must conclude that the trial court correctly found that Rhone had knowingly rejected UM coverage. Not only do we observe that Rhone's signature on both the application for insurance and the UMBI form is the same, but we also observe that the application for insurance and the initial UMBI form rejecting UMBI coverage have the same date of October 6, 1999. Furthermore, Rhone signed another UMBI form rejecting UMBI coverage on April 5, 2000, which was the last day of coverage for the original six-month term of the policy; the renewal certificate for the next six-month period then indicates a dollar limit of liability for bodily injury liability and property damage liability, but does *457 not indicate any dollar amount for UM. Finally, we note that there has been no allegation, much less any evidence, either that Rhone's signature on the forms is not genuine, or that Rhone did not actually intend to reject UMBI coverage. Under these circumstances, even without the rebuttable presumption, we conclude that the trial court correctly found no genuine issue of material fact with respect to UM rejection, and that the trial court correctly granted summary judgment in favor of Safeway.

CONCLUSION
For the reasons set forth above, the judgment is affirmed at appellant's costs.
AFFIRMED.
NORRIS, C.J., dissents with written reasons.
NORRIS, C.J., dissents.
I respectfully dissent. The majority's opinion does not adequately address the plaintiff's principal argument. Specifically, the plaintiff urges that a Louisiana Commissioner of Insurance Bulletin, LIRC 98-01, promulgated April 28, 1998, now requires the policy number to be placed in the lower right-hand corner of the UM rejection form. Ms. Rhone's rejection forms, dated October 6, 1999 and April 5, 2000, do not include a policy number. This deviation from the statute and Bulletin 98-01 mandates a finding of full UM coverage, in accord with the strong public policy of providing this protection for the innocent victims of auto accidents. Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987). This argument is res nova and, in my view, mandates reversal.
In Louisiana, UM coverage is provided by statute and embodies a strong public policy. La. R.S. 22:1406 D(1)(a)(i). The insured may reject coverage, select lower limits, or select economic-only coverage; however, these options "shall be made only on a form prescribed by the commissioner of insurance." R.S. 22:1406 D(1)(a)(ii). This form is mandatory and becomes a part of the policy. A "properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage." Id.
Early on, the supreme court interpreted the mandates of the statute as follows in Roger v. Estate of Moulton, supra:
In order to effect a valid rejection of UM coverage under La. R.S. 22:1406 D(1)(a), the insured must expressly set forth in a single document that UM coverage is rejected in the state of Louisiana as of a specific date in a particular policy or to be issued by the insurer. A writing, regardless of the intention of the insured, of a less precise nature is insufficient to effect a valid rejection. The narrow reading of La. R.S. 22:1406 D(1)(a) is in accord with the liberal construction afforded the uninsured motorist statute in order to carry out its objective of protecting an innocent insured who becomes the victim of the negligent uninsured or under insured motorist. (Emphasis added.)
Admittedly, this court has held that the failure to list a policy number does not invalidate a UM rejection, provided the other requirements of R.S. 22:1406 have been met. Schwoch v. Sutor, 559 So.2d 552 (La.App. 2 Cir.1990). Other courts have followed this rule. See, e.g., Melton v. Miley, 98 1437 (La.App. 1 Cir. 9/24/99), 754 So.2d 1088, writ denied 99-3089 (La.1/7/00), 752 So.2d 867; Maney v. Bennett, 97-0840 (La.App. 4 Cir. 11/19/97), 703 So.2d 152. However, I have cautioned against extending this rationale to cases where multiple or patent deficiencies appear in the rejection form. Franklin v. *458 Coleman, 34,908 (La.App. 2 Cir. 8/22/01), 793 So.2d 467 (Norris, C.J., dissenting).
In 1997, the legislature added the option of selecting economic-only coverage. See, 1997 La. Acts, No. 1476, § 3 (effective 9/6/98). This Act required the commissioner of insurance to add the "economiconly" option to the standard rejection form. Pursuant to Act 1476, the commissioner promulgated Bulletin 98-01 to accommodate the new option. Hobson v. King, 35,743 (La.App. 2 Cir. 2/27/02), 812 So.2d 776. The Bulletin states:
The prescribed UM Form is required by law to be used with all automobile insurance policies delivered or issued for delivery in Louisiana. For identification purposes, the company name must be placed at the lower left-hand corner and the policy number at the lower right-hand corner of the form.
The Bulletin includes, apparently for the first time, the requirement that the rejection form must list the policy number. In my view, the solution to the voluminous jurisprudence in this state that seeks to circumvent the requirements of the UM statute as interpreted by the supreme court in Roger seems simple: follow the clear directive of the statute and the bulletin prescribed by the commissioner. This simply requires that the insurer insert the policy number on the form promulgated by the commissioner pursuant to R.S. 22:1406 D(1)(a). Here, that has not been done. The form was never "properly completed" and is thus insufficient to effect a valid rejection.
Finally, I do not subscribe to the majority's dictum there is no allegation or evidence "that Rhone did not actually intend to reject UMBI coverage." The law imposes UM coverage in this State "notwithstanding the language of the policy, the intentions of the parties, or the presence or absence of a premium charge or payment." Roger v. Estate of Moulton, 513 So.2d at 1131-1132 (emphasis added); Washington v. Savoie, 92-2957 (La.4/11/94), p. 7, 634 So.2d 1176, 1180.
For these reasons, I would reverse the summary judgment in favor of Safeway and remand for further proceedings.