927 So.2d 380 (2005)
Jacquelyn L. LACHNEY, Individually, and as Administratrix of and on Behalf of the Estate of James Dale Lachney, Jr. and as Tutrix of Their Minor Children, James William Lachney, Stephanie Lynn Lachney, and Jessica Larynn Lachney
v.
HANOVER INSURANCE COMPANY, Martin Boudreaux, Michael J. Bourg, Dugas Legal Investigative Services, L.L.C., Allstate Insurance Company, Continental Casualty Company and Progressive Insurance Company.
No. 2004 CA 2316.
Court of Appeal of Louisiana, First Circuit.
November 4, 2005.
Writ Denied March 24, 2006.
*381 Terrence J. Hand, Ronald E. Lampard, Metairie, Counsel for Plaintiff/Appellant Jacquelyn L. Lachney, individually, and on behalf of estate of James Dale Lachney, Jr. and as tutrix of her minor children, James William Lachney, Stephanie Lynn Lachney, and Jessica Larynn Lachney.
Todd A. Hebert, Houma, Counsel for Defendant/Appellee Allstate Insurance Company.
Jason P. Lyons, Houma, Counsel for Defendant/Appellee Progressive Security Insurance Company.
John W. Waters, Jr., New Orleans, Counsel for Defendant/Appellee Hanover Insurance Company.
Sidney J. Angelle, Brant J. Cacamo, Counsel for Defendant/Appellee Martin Boudreaux, Michael Bourg and Hanover Insurance Co.
Kirk L. Landry, Baton Rouge, Counsel for Intervenor2nd appellant Continental Casualty Company.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
The sole issue in this appeal arises from a judgment wherein the trial court found that the uninsured/underinsured (UM) selection form used by Progressive Security Insurance Company (Progressive) was valid and enforceable. For the following reasons we affirm the trial court judgment granting Progressive's motion for summary judgment.
Whether an insurance policy provides or precludes coverage is a dispute that is properly resolved within the framework of a motion for summary judgment. Richardson v. Lott, 03-0189, p. 5 (La.App. 1 Cir. 11/7/03), 868 So.2d 64, 69. The insurer bears the burden of proving that an insured rejected in writing UM coverage or selected lower limits. Id. The provisions of the UM statute were substantially amended effective September 6, 1998. After the effective date the selection/rejection choices were to be made on a form prescribed by the Commissioner of Insurance pursuant to LSA-R.S. 22:1406(D)(1)(a)(ii).[1]
In this case, for some reason, two rejection forms were included in the policy at issue and the insured signed both forms. Plaintiffs argue that since two separate rejection forms were used in order to reject or select lower limits, both forms are invalid as a matter of law because the policy is thereby rendered ambiguous. We disagree. The first form signed by the insured is clearly not in compliance. The first form is defective, but the second form obviously attempts to cure the defective form. We disagree that this renders the policy ambiguous since both forms selected the same lower amount of UM coverage.
Plaintiffs next contend that the second form is invalid because it has been modified from the authorized form promulgated by the La. Insurance Commissioner. Specifically, they argue that the second form deviates from the promulgated form in four ways.
First, the form does not include the language, "[T]his form was promulgated pursuant to La. R.S. 22:1406 D(1)(a)(ii), and also, "[T]his form may not be altered or modified." Plaintiffs contend that since *382 these "magic words" were not included in the Progressive form it is therefore invalid.
Secondly, in the third sentence under selection choice number 1, the word funeral "costs" is used instead of funeral "expenses."
Thirdly, in the paragraph below the signature section, the word "policy" is used two times successively and this is not found in the required form mandated by the Commissioner of Insurance.
Fourthly, the form has in the lower left hand corner the identification number of the form 8089, and this is not in compliance with the form mandated by the Commissioner of Insurance.
After carefully reviewing the UM selection/rejection form signed on July 27, 2001, by the president and legal representative, we conclude that the method of rejecting and/or selecting UM coverage satisfies the statutory requirements. The form clearly states that the policy will include UMBI coverage at the same limits as bodily injury liability coverage unless requested otherwise. The form clearly informs the insured that it can select UM coverage in an amount equal to the bodily injury limits of the policy, or an amount that will compensate for economic and non-economic losses with limits lower than the bodily injury liability coverage.
Although not exactly on point with this case, in Jones v. Jones, 36,040 (La.App. 2 Cir. 5/8/02), 817 So.2d 454, the court ruled that even though the prescribed form requires that the insurance company name and policy number be included on the UM form, this omission should not invalidate an otherwise valid form because it was clear that the insured wanted to reject UM coverage. Here, despite a number of technical errors, it is clear that the insured intended to choose UM coverage in a lesser amount than the liability policy limits. The form employed comports in every substantial way with the required statutory form.
Further, Blacks Law Dictionary (8th ed.2004) provides that "prescribe" means to dictate, ordain, direct or to establish authoritatively (as a rule or as a guideline). It defines "promulgate" as to declare or announce publicly; to proclaim; to put a law into force and effect. These words are not synonymous. Thus, even though plaintiffs argue that the exact form promulgated by the Commissioner of Insurance was not used, they introduced no evidence to show that every word, including the superfluous language, was required by the Commissioner to make the form valid.
Accordingly, the assignments of error are without merit and we affirm the trial court judgment.

DECREE
The trial court judgment granting Progressive Security Insurance Company's motion for summary judgment is affirmed in accordance with Uniform Court of Appeal Rule 2-16.1 B. The costs of this appeal are assessed to plaintiffs/appellants.
AFFIRMED.
CARTER, C.J., concurs.
GAIDRY, J., concurs with reasons.
GAIDRY, J., concurring.
I agree with the result reached herein, but I concur because of my disagreement with the rationale of Jones v. Jones, 36,040 *383 (La.App. 2nd Cir.5/8/02), 817 So.2d 454, cited by the majority. The factual situation here is distinguishable from that of Jones, and in my view the result we reach is neither dependent on nor analogous to the result in Jones. Accordingly, I respectfully concur.
NOTES
[1] In 2003 the legislature re-designated the UM statute as LSA-R.S. 22:680. The Act also added language that a properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. LSA-R.S. 22:680(1)(a)(ii).