942 So.2d 634 (2006)
SUCCESSION OF James B. GREER, et al, Plaintiffs-Appellants,
v.
Darryl L. MILLS, et al, Defendants-Appellees.
No. 41571-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2006.
Rehearing Denied December 7, 2006.
*635 Culpepper & Carroll, PLLC, by Bobby L. Culpepper, Jonesboro, for Appellants.
Hudson, Potts & Bernstein, L.L.P., by Jan P. Christiansen, Monroe, for Appellee, American Century Casualty Co.
Arbour & Aycock, by Larry Arbour, for Darryl L. Mills and Allstate Insurance Company.
Before WILLIAMS, STEWART and CARAWAY, JJ.
CARAWAY, J.
In this wrongful death action filed by the estate of an individual killed while riding as a passenger in a vehicle, the trial court granted summary judgment in favor of the decedent's under/uninsured motorist insurer after finding that the insured had rejected UM coverage. Although the Louisiana Commissioner of Insurance form for the waiver of such coverage was utilized, the estate claims the options listed on that form were incorrectly marked at the time of the decedent's execution of the form. Finding no error in the trial court's ruling, we affirm.

Facts
On November 27, 2004, James Greer was a guest passenger in the vehicle driven by Darryl Mills. Mills failed to negotiate a turn on a highway near Ruston, Louisiana, and exited the roadway striking a tree. Greer was killed in the accident and his estate (the "Succession") instituted suit against Mills and his automobile liability insurer and Greer's UM carrier, American Century Casualty Company, ("American").
The Succession's claim against American is for uninsured motorist bodily injury coverage (hereinafter "UMBI Coverage"). American's policy provided the statutory minimum for liability coverage of 10/20/10. See, La. R.S. 32:900. Greer purportedly executed a waiver of UMBI Coverage on the written form promulgated by the Louisiana Commissioner of Insurance (hereinafter the "LCI form"). La. Bulletin LIRC 98-01; see, Hobson v. King, 35,743 (La. App.2d Cir.2/27/02), 812 So.2d 776, writ denied, 02-0828 (La.5/24/02), 816 So.2d 851. American moved for summary judgment on the grounds that Greer had rejected UM coverage.
The LCI form which Greer executed includes the following five options and were marked as follows: *636 
1. N/A I select UMBI Coverage which will compensate me for my economic an
 non-economic losses with the same limits as my Bodily Injury Liability Coverage.
 Economic losses are those which can be measured in specific monetary
 terms including, but not limited to, medical costs, funeral expenses, lost wages,
 and out of pocket expenses.
2. N/A I select UMBI Coverage which will compensate me for my economic and
 non-economic losses with limits lower than my Bodily Injury Liability Coverage
 limits:
 $ N/A each person $ N/A each accident
3. N/A I select Economic-Only UMBI Coverage which will compensate me only for my
 economic losses with the same limits as my Bodily Injury Liability Coverage
 limits.
4. N/A I select Economic-Only UMBI Coverage which will compensate me only for my
 economic losses with limits lower than my Bodily Injury Liability Coverage
 limits:
 $ N/A each person $ N/A each accident
5. s/JBG I do not want UMBI Coverage. I understand that I will not be compensated
 through UMBI coverage for losses arising from an accident caused by an
 uninsured/under insured motorist.
The "JBG" in option 5 are the initials of Greer, and he also signed his name at the bottom of the LCI form. One of the two sentences on the LCI form above the signature line states: "[t]he choice I made by my initials on this form will apply to all persons insured under my policy." In this contest over the effectiveness of Greer's execution of the LCI form, neither party presented evidence revealing whether the "N/A" for selection number 1 was inserted on the form before its presentation to Greer.
The trial court granted American's motion for summary judgment finding a waiver of UMBI Coverage. This appeal by the Succession ensued.

Discussion
Initially, we note that three of the five selection options under the LCI form in this case were not available to Greer. Selections numbered 4 and 5 concerned economic-only UMBI Coverage which American could choose not to issue. The LCI form expressly states that those options may be marked "Not Available." This directive was not specifically followed by American which inserted only the initials "N/A" on Greer's form. Nevertheless, whether viewed as an abbreviation for the requisite, "Not Available," or for the more familiar, "Not Applicable," the exclusion of those two options to Greer was allowable and clear. Likewise, since Greer's policy limitations of liability coverage were the statutory minimum (10-20-10), selection number 2 on the LCI form which allowed for lower limits was also allowed to be excluded by the "N/A" abbreviation placed on Greer's form. The issue presented, however, is whether the marking of selection number 1 (hereinafter "Option 1") with the "N/A" abbreviation makes invalid Greer's purported rejection of UMBI Coverage under selection number 5.
Louisiana law requires UM coverage in every automobile liability insurance policy *637 for an amount not less than the limits of bodily injury liability provided by the policy. La. R.S. 22:680. This minimum amount is automatically included in the policy unless the insured rejects the coverage or selects lower limits. La. R.S. 22:680(1)(a)(i); Hobson v. King, supra; Cangelosi v. Allstate Ins. Co., 96-0159 (La. App. 1st Cir.09/27/96), 680 So.2d 1358, writ denied, 96-2586 (La.12/13/96), 692 So.2d 375.
La. R.S. 22:680(1)(a)(ii) provides that "rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance," and the "prescribed form shall be provided by the insurer and signed by the named insured or his legal representative."
A valid rejection must be in writing and signed by the named insured or his legal representative. The insurer must place the insured in a position to make an informed rejection of UM coverage. The form used by the insurance company must give the applicant the opportunity to make a meaningful selection from his options provided by statute. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992); Duong v. Salas, 38,613 (La.App.2d Cir.6/23/04) 877 So.2d 269, writ denied, 04-1840 (La.10/29/04), 885 So.2d 590. The insured may either select UM coverage in an amount equal to the bodily injury limits of the policy, may select lower limits, may select economic-only coverage, or may reject UM coverage. La. R.S. 22:680. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. La. R.S. 22:680(1)(a)(ii). This statute embodies strong public policy and is to be liberally construed in favor of coverage, such that statutory exceptions to the UM coverage requirements are interpreted strictly. Duong, supra. Where the validity of a rejection of uninsured motorist coverage is at issue, the insurer bears the burden of proving that the insured rejected such coverage in writing or selected lower limits. Tugwell, supra; McFarland v. Southern Farm Bureau Cas. Ins. Co., 39,612 (La.App.2d Cir.5/11/05), 902 So.2d 1207, writ denied, 05-1564 (La.1/9/06), 918 So.2d 1045; Dixon v. Gene Moody Trucking, Inc., 36,420 (La. App.2d Cir. 10/23/02), 830 So.2d 392. Once the insurer has shown that a rejection form is valid, the burden shifts to the insured to prove otherwise. Duong, supra; Dixon, supra.
Louisiana courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Costello v. Hardy, 03-1146 (La.1/21/04), 864 So.2d 129; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Pursuant to a 1996 amendment to the summary judgment article, the summary judgment procedure is now favored under our law. La. C.C.P. art. 966(A)(2); Costello, supra.
In this case, American utilized the LCI form. That form provides first an explanation of UMBI Coverage. It then states that "[b]y law, your policy will include UMBI Coverage at the same limits as your Bodily Injury Liability Coverage unless you request otherwise." That statement is *638 entirely in keeping with the effect of our law. See, La. R.S. 22:680(1)(a)(i); Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213. Nevertheless, the form then goes on to provide as selection number 1 an option for election of UMBI Coverage on the form itself. This Option 1 is technically superfluous in light of the prior explanation of the law's automatic provision for UMBI Coverage as expressly stated on the form. Furthermore, Option 1 is not within the legislative directive to the Commissioner of Insurance under La. R.S. 22:680(1)(a)(ii) which requires a form only for the "rejection, selection of lower limits or selection of economic-only coverage." Yet, from an overall reading of the LCI form, the inclusion of Option 1 does not lead to confusion or detract from the substance of the entire act. Option 1 is clearly in contrast to selection number 5 which is the specific option to waive UMBI Coverage.
In Daigle, supra, the insurance company's form first advised the insured of the statutory coverage automatically afforded the insured. The form then gave the insured one response to the selection which read: "I HAVE BEEN OFFERED and hereby REJECT Uninsured Motorists Bodily Injury coverage." Since the policy was for the minimum limits, the insured had no option for UMBI coverage at lower limits. Addressing and rejecting the insured's argument of the form's deficiency, the supreme court ruled:
The insured does not claim that she did not understand the form when she signed it or that she was misled in any way. She only claims that the form is defective on its face. She argues that the title makes the form ambiguous because it is labeled "Uninsured Motorist Coverage-Coverage Selection," when it is actually only used for rejection of coverage. We do not agree. If the insurance applicant fails to sign the form, the applicant is selecting the option of retaining the benefits of UM coverage mandated by law. The form provides a means of selecting between options, because by not signing the form, the applicant is choosing to keep that which the law stipulates for his or her benefit.
Id. at 1215-1216.
From our review of Daigle, we find that even with the "N/A" inserted for Option 1, Greer's execution clearly reflects his waiver of UMBI Coverage. By initialing the number 5 selection and signing the form, Greer made a waiver of the UMBI Coverage with knowledge that the law would otherwise provide that coverage if he elected not to sign the form. The form expressly states, and he therefore acknowledged, that he was given and made a "choice" by initialing selection number 5. Therefore, Greer utilized the requisite LCI form, and in light of Daigle, his execution thereof reflects a valid waiver of UMBI Coverage.
For these foregoing reasons, the judgment of the trial court is affirmed at the Succession of Greer's costs.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, CARAWAY and SEXTON, JJ.
Rehearing denied.