KUHN, J.,
dissenting.
hi disagree with the majority’s conclusion that the ACE American Insurance (ACE) form must be deemed invalid for failure to include the printed name of the person who signed the form. I would reverse the trial court’s grant of summary judgment in favor of the Banquers and find the UM waiver form valid.
The six Duncan requirements are met in the present case, including the third requirement of “printing the name of the named insured or legal representative.” (Emphasis added.) Duncan v. USAA Ins. *211 Co., 06-363 at pp. 11-12 (La.11/29/06), 950 So.2d 544, 551. It is undisputed that the form herein includes the typewritten name of Halliburton Energy Services, Inc.[1]
Since Mr. Ferguson is not an insured, it is clear that he is signing in a representative capacity for Halliburton. Neither La. R.S. 22:680(l)(a)(ii) nor Duncan require that the representative capacity be indicated on the UM form. In the instant case, the representative capacity has been established by Mr. Ferguson’s affidavit. See Green v. State Farm Mut. Auto. Ins. Co., 07-0094 (La.App. 1st Cir.11/2/07), 978 So.2d 912, 914, writ denied, 08-0074 (La.3/7/08), 977 So.2d 917, wherein this court found a waiver form valid where a representative signed the 12waiver form on behalf of a corporation without indicating his representative capacity.[2]
Additionally, I note that although the single word “available” is missing from an introductory paragraph of the waiver form, this is surely a clerical error that does not invalidate the form. See Green; Lachney v. Hanover Ins. Co., 04-2316 (La.App. 1st Cir.11/4/05), 927 So.2d 380, 382, writ denied, 05-2432 (La.3/24/06), 925 So.2d 1238. Likewise, any minor discrepancies in the holding between the insurance commissioner’s form and the present form do not invalidate it. The form employed herein comports in every substantial way with the required statutory form. Id.
It is abundantly evident that the insured intended to reject UM coverage, and because ACE’s waiver form complies with the required statutory form in every substantial way, I would find it valid and reverse the trial court’s grant of summary judgment in favor of the Banquers. Accordingly, I dissent.

. Because Duncan involved a missing policy number, the contested language in Duncan, which arguably requires Mr. Ferguson’s printed name, may be construed as dictum: "The insured or the legal representative signs the form evidencing the intent to waive UM coverage and includes his or her printed name to identify the signature.” Duncan, 06-363 at p. 13, 950 So.2d at 552.

. In the Green case, the UM selection form was executed by Kevin Ryan on June 30, 2004. On the UM selection form, a handwritten "X” with a circle around it was placed by option “5,” which reads: "I do not want [UM] Coverage. I understand that I will not be compensated through [UM] coverage for losses arising from an accident caused by an uninsured/underinsured [motorist].” Illegible hand-written initials were placed to the left of the "X” just above the "5.” "Cintas Corporation” was typed into the blank for "Named Insured or Legal Representative,” the form was signed (by Kevin Ryan), it was dated "6/30/04” and policy numbers "D002A00280,” "D002A00281,” "D002A00282,” and "D002A00283” were typed in the blank above "Policy Number."