CHAISSON, J.
*899 In this survival and wrongful death action, GoAuto Insurance Company ("GoAuto") seeks this Court's supervisory review of a judgment of the trial court on the parties' competing motions for summary judgment on the issue of the validity of a purported rejection of uninsured/underinsured ("UM") motorist coverage. In its judgment, the trial court denied GoAuto's amended motion for summary judgment seeking a ruling that UM coverage had been validly rejected, and granted plaintiffs' motion for summary judgment finding that there was not a valid rejection of UM coverage. For the following reasons, we reverse the judgment of the trial court on both motions for summary judgment, grant summary judgment in favor of GoAuto, and dismiss plaintiffs' suit as to GoAuto only, with prejudice.
FACTS AND PROCEDURAL HISTORY
On December 28, 2016, Cecile L. Oubre was a guest passenger in a vehicle driven by Arlene Richard, when they were involved in a two-vehicle accident that resulted in the deaths of both Ms. Oubre and Ms. Richard. Thereafter, the Estate of Cecile L. Oubre and her surviving children, respondents to this writ application (hereinafter "plaintiffs"), filed suit against both the driver and owner of the other vehicle and their insurance company. In their petition, plaintiffs alleged that the other driver was at fault in causing the accident and that he was either uninsured or underinsured. Plaintiffs therefore also named GoAuto as a defendant to the suit, alleging that it issued a policy to Ms. Richard that included UM insurance, which also covered the damages suffered by Ms. Oubre, her guest passenger.
In response to plaintiffs' suit, GoAuto filed a motion for summary judgment contending that Ms. Richard's policy did not include UM coverage because Ms. Richard had rejected such coverage. Plaintiffs thereafter filed a competing motion for partial summary judgment contending that the purported rejection of UM coverage executed by Ms. Richard was facially invalid and that the policy therefore provided UM coverage.[1]
After a hearing on the competing motions for summary judgment, the trial court denied GoAuto's amended motion for summary judgment, and granted plaintiffs' motion for summary judgment finding that there was not a valid rejection of UM coverage. It is from this judgment that GoAuto now seeks our supervisory review. Pursuant to the recently enacted requirements of La. C.C.P. art. 966(H), we assigned this matter for briefing by the parties and heard oral arguments.
DISCUSSION
A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover. La. C.C.P. art. 966(D). However, *900 if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id. ; Dillenkofer v. Marrero Day Care Ctr., Inc. , 16-713 (La. App. 5 Cir. 5/24/17), 221 So.3d 279, 282.
The interpretation of an insurance policy is usually a legal question that can be properly resolved on a motion for summary judgment. Elliot v. Holmes , 15-296 (La. App. 5 Cir. 11/19/15), 179 So.3d 831, 835. Appellate courts review the granting or denying of a summary judgment de novo , using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Id.
In support of its amended motion for summary judgment, GoAuto introduced a copy of Ms. Richard's automobile policy in effect on the date of the accident which includes an Uninsured/Underinsured Motorist Bodily Injury Coverage Form signed by Ms. Richard on July 6, 2015. On that form, Ms. Richard placed her initials next to the option stating, "I do not want UMBI Coverage. I understand that I will not be compensated through UMBI coverage for losses arising from an accident caused by an uninsured/underinsured motorist." GoAuto argues that Ms. Richard validly rejected UM coverage and that said coverage is therefore not available to plaintiffs herein.
To the contrary, plaintiffs contend that the purported rejection form is invalid because it does not comport with the requirements of a valid rejection of UM coverage enunciated by the Louisiana Supreme Court in Duncan v. U.S.A.A. Ins. Co. , 06-363 (La. 11/29/06), 950 So.2d 544. In Duncan , the Court held that there are six tasks necessary for there to be a valid rejection of UM coverage: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen, then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date. Id. at 551.
Specifically, plaintiffs contend that the form executed by Ms. Richard is facially invalid because, of the four options shown on the form preceded by a line for the possible placement of the insured's initials, the first three lines all have a pre-printed "N/A" placed on the lines, leaving only the fourth line available for the complete rejection of UM coverage. Plaintiffs maintain that the presentation of the form to Ms. Richard in this manner violates the first requirement of Duncan , i.e. , "initialing the selection or rejection of coverage chosen " (emphasis added), because in effect, Ms. Richard was given no choice other than to completely reject UM coverage. In support of their argument, plaintiffs refer this Court to the Third Circuit Court of Appeals decision in Higginbotham v. USAgencies Cas. Ins. Co. , 17-491 c/w 17-497 (La. App. 3 Cir. 6/13/18), 247 So.3d 916, wherein that Court found that because of the use of a pre-printed "N/A" mark on some of the lines for selection of differing UM coverages, the form was facially invalid *901 and the policy therefore afforded UM coverage.[2]
For the following reasons, we disagree with the arguments of plaintiffs. On the form, the first numbered option was for the selection of UM coverage with limits lower than the Bodily Injury Liability Coverage limits indicated on the policy. Because Ms. Richard's policy was for the minimum statutorily required liability coverage, there was no UM coverage with lower limits available to her. The second and third numbered options were for the selection of "Economic-Only" UM coverage, a type of coverage which was not available from GoAuto. Therefore, the placement of a pre-printed "N/A" mark next to each of these three options was a correct indication to Ms. Richard that these options were not available to her. It was not the placement of the "N/A" marks next to these options that prevented Ms. Richard from making these selections, it was the minimum limits of liability coverage she selected and the unavailability of "Economic-Only" UM coverage from GoAuto that prevented her from making these selections.[3]
Contrary to plaintiffs' assertions that the placement of an "N/A" mark next to the first three options may have confused Ms. Richard into believing that she was required to choose the only remaining numbered option, i.e. , complete rejection of UM coverage, we find that omitting the "N/A" marks next to options that were simply not available to Ms. Richard would serve no purpose.
Rather than the presence or absence of pre-printed "N/A" marks next to options which were not available to Ms. Richard, it is the clear and unambiguous language of the form that indicates to Ms. Richard what her options were as they related to UM coverage. Above the four printed options, the form states: "By law, your policy will include UMBI coverage at the same limits as your Bodily Injury Liability Coverage unless you request otherwise. If you wish to reject UMBI Coverage, select lower limits of UMBI Coverage, or select Economic-Only UMBI Coverage, you must complete this form and return it to your insurance agent or insurance company" (emphasis added). The form then states, immediately prior to the four numbered options, that "You may select one of the following UMBI Coverage options (initial only one option)."
We find that in very clear and plain language, the form indicated to Ms. Richard what the default position was (i.e. , UM coverage at the same limits as her bodily injury liability coverage), and that she only needed to complete the form if she chose an option other than the default position. In this case, Ms. Richard chose the only other option that was available to her, which was the complete rejection of UM coverage. Nothing in this language indicated to Ms. Richard that she was required to complete the form or that she was required to choose a rejection of UM coverage.
We conclude that the form used by GoAuto, even with the pre-printed "N/A" marks next to three of the options, fully *902 complied with the requirements for selection, or rejection, of UM coverage, as enunciated by the Supreme Court in Duncan and is not facially invalid. Ms. Richard validly rejected UM coverage for her policy and therefore no UM coverage is available to plaintiffs under Ms. Richard's policy.
CONCLUSION
We grant GoAuto's writ application and reverse the judgment of the trial court. We further grant GoAuto's amended motion for summary judgment and dismiss GoAuto from this suit with prejudice, and remand this matter to the trial court for further proceedings.
WRIT GRANTED; JUDGMENT REVERSED; GOAUTO'S AMENDED SUMMARY JUDGMENT GRANTED AND CASE DISMISSED WITH PREJUDICE AS TO GOAUTO ONLY; REMANDED

GoAuto filed an amended motion for summary judgment attaching a copy of the disputed insurance policy that appears to have been inadvertently not attached to its original motion for summary judgment.

We note that the First, Second and Fourth Circuits have all reached the opposite conclusion in cases that are factually similar. See Taylor v. U.S. Agencies Cas. Ins. Co. , 09-1599 (La. App. 1 Cir. 4/7/10), 38 So.3d 433 ; Succession of James B. Greer, et al v. Darryl L. Mills , 41,571 (La. App. 2 Cir. 11/1/06), 942 So.2d 634 ; and Rapalo-Alfaro v. Lee , 15-0209 (La. App. 4 Cir. 8/12/15), 173 So.3d 1174.

Presumably, if Ms. Richard had attempted to select one of these three options that were not available to her, the form would have been declined by GoAuto.